STATE of Missouri, Respondent,

v.

Robert D. MAXEY, Appellant.

No. 45955.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 25, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Kenneth A. Seufert, Public Defender, Farmington, for appellant.

Gary E. Stevenson, Pros. Atty., Farmington, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of assault in the first degree and the resulting fifteen-year sentence imposed by the court. We affirm.

The victim, Randall T. Miller, was a Bonne Terre police officer. Prior to the assault Miller was on duty in Bonne Terre. He saw a motorcycle driven by defendant being operated in what Miller regarded as an imprudent manner. He pursued the motorcycle which left the city limits of Bonne Terre. During the pursuit defendant lost control of the motorcycle and it crashed. Miller approached defendant to place him under arrest. The officer testified that he took defendant to his car and that while attempting to handcuff him defendant kicked Miller. A wrestling match ensued during which Miller's gun was removed from his holster by defendant and pointed at Miller's stomach. Miller bit defendant's hand, causing the gun to change position and discharge. Defendant ran and Miller retrieved the gun and fired two shots. Neither participant was shot.

Defendant testified that after the crash a man with a badge and a gun came up to him and started jerking him around, sprayed him with Mace and tried to handcuff him and that he physically resisted the force and then ran. He denied having touched Miller's gun.

Defendant's first three points all evolve from defendant's contentions regarding self-defense. Essentially they are based on the premise that Miller lacked the authority to arrest defendant outside the city limits of Bonne Terre. In that regard defendant is correct. *City of Advance v. Maryland Casualty Company*, 302 S.W.2d 28 (Mo.1957) [2]; *Hacker v. City of Potosi*, 351 S.W.2d 760 (Mo. banc 1961) [1]. In his first point defendant concludes from this lack of authority that Miller was no more than a private citizen and that defendant was thereby acting in self-defense as a matter of law because Miller was the initial aggressor. With that conclusion we disagree.

At common law there existed a right to resist an unlawful arrest with as much force as necessary to prevent it. That is no longer the law of Missouri. *State v. Thomas*, 625 S.W.2d 115 (Mo.1981) [1–5]. Our courts have recognized that chaos would result and there would be a breakdown of law enforcement if persons were allowed to fight, resist or assault known police officers upon the arrestee's belief, or even knowledge, that the arrest is unlawful. *State v. Briggs*, 435 S.W.2d 361 (Mo.1968) [5].

The courts have further recognized that police officers making an arrest are expected to be the aggressors and are "not placed on the same level as ordinary individuals having a private quarrel" or "denied that protection commensurate with the public duty exacted." *State v. Thomas, supra* [7–9]. There is no right to resist a known police officer who is making an arrest even when that arrest is unlawful. For some purposes, such as tort liability, a police officer attempting to arrest beyond jurisdictional limits may occupy the status of a private citizen. *See* Restatement of Torts 2nd, Chapter 5, Arrest Sec. 121; McQuillin, Municipal Corporations 3rd Ed. Sec. 45.18. But the rationale of the Missouri cases denying the right to resist a police officer making an arrest is premised upon public

policy considerations against self-help which present different considerations than those inherent in tort recovery doctrines. Underlying all of these doctrines is the basic concept that such unlawful arrests should be resolved in courts, not by violence in the streets. *State v. Nunes,* 546 S.W.2d 759 (Mo.App.1977) [1, 2]. Miller was a police officer, this fact was known to defendant and defendant had no right to resist Miller's attempts to arrest him. Miller's tort liability for the unlawful arrest might be equated to that of a private citizen, but his actions were made as a police officer and he was entitled to the protection from resistance of that position. *City of Advance v. Maryland Casualty Company, supra,* [4]. The evidence did not establish that defendant's resistance was self-defense as a matter of law.

Defendant next challenges the self-defense instruction given by the court because it failed to set forth any of the provisions of MAI–CR 2d 2.41.1 regarding Miller's acts which allegedly led to defendant's belief that Miller was the aggressor and that defendant was in danger. The specific acts referred to were those which would lead defendant to believe Miller was attempting to arrest him. This challenge is based again on the erroneous assumption that Mil-

ler was a private citizen and defendant had the right to resist the arrest. What we have said in relation to defendant's first point is equally applicable here. We find no error.

■ Defendant's third point is that the trial court erroneously modified MAI–CR 2d 2.41.1, the self-defense instruction. The instruction is set forth in the margin with the modifications emphasized.[1]

Defendant's challenge is that MAI–CR 2d 2.41.1 unmodified was the appropriate instruction, and its modification was error. Rule 28.02(e). But 28.02(c) and (d) establish that if there is not an MAI–CR instruction applicable under the law to the facts, modification can be made. MAI–CR 2d 2.41.1 was not applicable here. There is no instruction in MAI–CR 2d (including 2.41.1) dealing with self-defense when the victim is a police officer engaged in an arrest.

■ While we indicated previously there is no right to resist an unlawful arrest, there is a right to resist excessive force in making the arrest. *State v. Nunes, supra* [1, 2]. That right of self-defense is not available to the arrestee who uses more force than reasonably appears necessary for self-protection or who provokes the use of force. *State v. Nunes, supra* [11]. The

---

1. One of the issues in this case is whether the use of physical force against Randall T. Miller was justifiable. The use of physical force including the use of deadly force is justifiable if used in lawful self-defense. On that issue you are instructed as follows:

(1) The State has the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. If the evidence in this case leaves in your mind a reasonable doubt as to whether the defendant acted in lawful self-defense in using physical force against Randall T. Miller, you must find the defendant not guilty.

(2) If the defendant reasonably believed it was necessary to use such physical force as he used in order to protect himself from *excessive force used by Randall T. Miller to place defendant under arrest, and that such force was the only means by which defendant could protect himself against the use of the excessive force and that the defendant did not create a situation that invited the use of force to subdue it, and the defendant did not use deadly force,* then the defendant acted in lawful self-defense and must be acquitted.

(3) If the defendant used deadly force and further reasonably believed that such force was necessary to protect himself against an imminent danger of death or serious physical injury, *and that such deadly force was the only means by which defendant could protect himself against the use of excessive force by Randall T. Miller to place defendant under arrest and that the defendant did not create a situation that invited the use of excessive force to subdue it,* then the defendant acted in lawful self-defense and must be acquitted.

(4) In determining whether or not the defendant acted in lawful self-defense you should consider all the evidence.

(5) If the defendant reasonably believed it was necessary to use the amount of force he used in order to protect himself from Randall T. Miller, it was of no consequence that the appearances turned out to be false. If the defendant acted in lawful self-defense, as submitted in this instruction, he must be acquitted even though there was no purpose on the part of Randall T. Miller to kill or seriously injure.

**644**

right to resist excessive force is one of last resort and defendant must have done all he can, consistent with his own safety, to avert the necessity of using force. The arrestee forfeits his right to self-defense if he knows that if he desists from physical resistance and submits to arrest the excessive force will end. *State v. Thomas, supra* [7–9].

 With these principles before us, we find no error in the instruction on the grounds raised by defendant. The instruction accurately sets forth the substantive law in simple, brief and impartial language free from argument. Rule 28.02(d).

■ Defendant's final point is that the verdict-directing instruction was erroneous in submitting the means of assault as "by trying to shoot him." There was evidence to support this submission and we find nothing misleading about this unambiguous phrase.

We have reviewed the additional points raised in defendant's *pro se* brief and we find no merit therein.

Judgment affirmed.

STEWART, P.J., and GAERTNER, J., concur.