STATE of Missouri,
Plaintiff-Respondent,

v.

Van BEDFORD, Defendant-Appellant.

No. 48420.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 19, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied
April 9, 1985.

Application to Transfer Denied
May 29, 1985.

---

Debra Buie Arnold, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

By indictment the state charged defendant Van Bedford had knowingly resisted arrest by using physical force against a uniformed policeman. § 575.150.1, RSMo 1978. The jury found defendant guilty of resisting arrest and fixed punishment at four months in jail. After judgment the defendant appealed.

Here defendant challenges the sufficiency of the state's evidence.

The state's evidence: Following an armed robbery the victim identified defendant as one of the robbers to police officer Donald Smith who then sought to arrest defendant. Defendant avoided this by withdrawing a few feet and taking an offensive-defensive posture described as a "karate stance". When the officer tried to apply handcuffs defendant kicked him and took his police flashlight, then withdrew a few feet and struck the officer with it. Defendant repeated this offensive-defensive activity as two other policemen arrived and assisted in finally arresting him. He continued kicking the officers even after he had been handcuffed.

This evidence refutes defendant's conclusive contention here that he was attempting to prevent officer Smith from making an improper arrest.

Instead as declared in *State v. Thomas*, 625 S.W.2d 115[1, 2] (Mo.1981) under the cited statute an arrestee no longer has the right to resist even an unlawful arrest by a known police officer. See also *State v. Maxey*, 661 S.W.2d 641[1, 2] (Mo.App.1984).

Affirmed.

DOWD, P.J., and CRIST, J., concur.