Robert D. MAXEY, Movant-Respondent,

v.

STATE of Missouri,
Respondent-Appellant.

No. 50838.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 8, 1986.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent-appellant.

David A. Warfield, St. Louis, for movant-respondent.

KELLY, Judge.

Appellant, the State of Missouri, appeals from the judgment of the Circuit Court of Washington County sustaining Movant-Respondent's motion for post-conviction relief under Rule 27.26. The motion court ordered movant's 1982 conviction for first degree assault, in violation of § 565.050 RSMo (1978), for which he is currently serving a fifteen (15) year sentence in the custody of the Missouri Department of Corrections, to be set aside. The court further ordered that a new trial on the charge be had.

For purposes of this appeal we take judicial notice of the record in *State v. Maxey,* 661 S.W.2d 641 (Mo.App.1983), which was movant's case on direct appeal.

Movant was found guilty of first degree assault on May 17, 1982 following a one day jury trial. The only witness for the state at that trial was the alleged assault victim, Randall T. Miller, who was at that time a Bonne Terre police officer. Since Miller was the state's only witness, the state in effect rested its case on Miller's testimony and on the credibility of that testimony.

Miller stated that while on patrol in Bonne Terre on the evening of February 27, 1981, he observed movant operating a motorcycle in an imprudent manner. According to his testimony, he attempted to pull movant over, but movant failed to stop and a chase ensued. The chase ended outside the city limits of Bonne Terre where movant wrecked his motorcycle. *State v. Maxey,* 661 S.W.2d 641, 642 (Mo.App.1983). Miller then stated that he placed movant under arrest, and was attempting to handcuff him, when movant kicked him in the groin. At that point a struggle began. During the struggle, according to Miller, movant grabbed his service revolver and pointed it at his (Miller's) stomach. Miller stated that he then knocked movant's hand in the air and bit him. Miller indicated that at that time the gun discharged and a moment later, after pushing him down, movant fled. No one was injured. A few moments later, Miller stated over his police radio that movant had taken his gun. However, when other officers arrived at the scene, Miller had the gun. *State v. Maxey, id.*

Movant testified that after he wrecked his motorcycle, he was approached by Miller, who became violent and sprayed him with mace. He admitted that he had resisted, but he denied ever touching Miller's gun. *State v. Maxey, id.*

Movant was arrested at a residence near Bonne Terre a short time after he fled.

At the evidentiary hearing on movant's 27.26 motion, Gary Yates, who was also a Bonne Terre police officer at the time of the event involved herein, testified for movant.

Yates testified that he was the first officer on the scene following Officer Miller's radio call. He stated that when he arrived, Miller not only had his gun, but he also claimed that he had fired three shots at movant as movant fled.

A few weeks after movant's arrest, Officer Yates read the official police report of the incident and noticed that the report indicated that Miller had fired only two shots at movant. The report also described the events surrounding movant's arrest differently than the way Yates remembered them. The report was signed by Miller. According to Yates, he then confronted Miller about the discrepancies between what he remembered and what the report said. Yates testified that at that time Miller told him that movant had never touched his gun and that he had been ordered to falsify the report. Later Miller allegedly told Yates that the order had come from a Bonne Terre police sergeant. Yates then testified that prior to movant's trial on the assault charge, he, Yates, had spoken with an assistant prosecuting attorney at the St. Francois County prosecutor's office, which was handling the state's case. Yates stated that he had told the assistant prosecuting attorney about the discrepancies between what was in the police report and what he remembered and also about his conversation with Miller concerning the report. Yates did not speak with the St. Francois County Prosecutor, Gary Stevenson. However, he stated that the assistant

prosecutor that he did speak with later told him that Stevenson had been informed.

Officer Miller also testified at the evidentiary hearing. His testimony was in accord with his earlier testimony at movant's criminal trial.

The motion court found that no information regarding Yates' statements was turned over to movant's counsel prior to his criminal trial.[1]

Evidence which tends to impeach a key government witness must be turned over to the defendant's attorney under the United States Supreme Court's holding in *United States v. Bagley,* —— U.S. ——, 105 S.Ct. 3375, 3379[2], 87 L.Ed.2d 481, 490[2] (1985); *Giglio v. U.S.,* 405 U.S. 150, 154, 92 S.Ct. 763, 766(2), 31 L.Ed.2d 104, 108[4] (1972). Failure of the state to turn over such information when it has it in its possession, requires the granting of a new trial "if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* —— U.S. at ——, 105 S.Ct. at 3384, 87 L.Ed.2d at 494. See also *United States v. Giglio,* 405 U.S. at 154, 92 S.Ct. at 766, 31 L.Ed.2d at 108.

This standard was one for the motion court to consider. Pursuant to Rule 27.-26(j), this court's review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. A motion court's findings are only clearly erroneous if, after reviewing the complete record, this court is left with the definite and firm impression that a mistake has been made. *Lockett v. State,* 679 S.W.2d 337, 339[1, 2] (Mo.App. 1984); *Hutchins v. State,* 624 S.W.2d 191, 192[1] (Mo.App.1981).

Movant's 1982 conviction rests on the testimony of Officer Miller. Had the jury not believed Miller it would have had to find movant not guilty. Had the jury be-

---

1. Movant filed a discovery motion prior to the trial of the charge and its sufficiency to require

discovery of these matters goes unchallenged by the State in this 27.26 proceeding.

lieved part, but not all, of what Miller said, it could have found that movant committed a lesser degree of assault; not first degree assault.

The motion court found that there was a reasonable probability that full disclosure by the state of impeachment evidence available to it would have led to a different result at movant's trial. Since nothing in the record indicates that this finding was erroneous, we affirm.

CRANDALL, P.J., and PUDLOWSKI, J., concur.

