**STATE of Missouri, Respondent,**

v.

**Thomas Pate OWEN, Appellant.**

**No. WD 39482.**

Missouri Court of Appeals,
Western District.

March 29, 1988.

Gary L. Stamper, Columbia, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and BERREY and COVINGTON, JJ.

KENNEDY, Chief Judge.

Owen was convicted upon jury trial of second degree assault, Sec. 565.060, RSMo 1986; of leaving the scene of a motor vehicle accident, Sec. 577.060, RSMo 1986; and of driving while intoxicated, Sec. 577.-010, RSMo 1986. He was sentenced in accordance with the jury's verdict to three years' imprisonment on the assault charge; two years' imprisonment on the charge of leaving the scene of an accident; and six months' imprisonment for driving while intoxicated, the sentences on the three charges to run concurrently.

He has appealed to this court, claiming that the evidence was insufficient to support the verdict of guilty on the charge of leaving the scene of an accident, and also that the court erred in refusing to submit a certain defense to that charge.

Except for a complaint about the formal judgments, noted hereafter, Owen does not claim any error with respect to the assault and intoxicated driving charges.

The accident in question occurred on the premises of a gasoline service station, and Owen argues that there was no evidence to show prima facie that the area was a "parking lot or parking facility generally open for use by the public"—and that the evidence was therefore insufficient to support a conviction under Sec. 577.060, RSMo 1986.

The state's evidence tended to show the following:

Officer Leps in his patrol car was stopped on the highway, preparing to make a left turn into a restaurant parking lot. As he waited for traffic to clear, defendant in his orange Volkswagen overtook him from the rear, and, to avoid striking the patrol car, swerved to the right, onto the grassy shoulder, passed the patrol car and then drove back into the traffic lane and proceeded along the highway.

Leps took after defendant's car, his red lights flashing. It was his purpose to give defendant a warning ticket. Defendant drove his car into an MFA service station and stopped in a parking area. Officer Leps also pulled into the service station and stopped his car near defendant's.

As Officer Leps started to get out of his patrol car, the defendant got out of his. He seemed agitated and was gesticulating and shuffling his feet. Officer Leps was apprehensive and called on his "walkie" for reinforcements. Defendant screaming "F— you", jumped back into his car and locked it.

As Officer Leps approached defendant's car, defendant abruptly backed up and then started forward, turning toward Leps as if to run him down. Leps leaped aside and avoided being struck head-on. However, he became engaged with the car in some manner—the antenna perhaps caught his holster, or perhaps he was holding onto the left front door of the Volkswagen. He was thrown to the ground and injured.

Leps was able to get back into his patrol car and follow in the direction that defendant's car had disappeared. He overtook defendant about three miles from Fulton, and, along with other officers who had by now joined him, placed the defendant under arrest.

■ We have concluded that the evidence was sufficient to show prima facie that the place where the accident occurred was a "parking lot or parking facility generally open for use by the public" within the meaning of Sec. 577.060, RSMo 1986. Officer Leps testified:

The car, when I pulled out onto Business 54, the car pulled into the public parking area there at MFA, at the pumping station there ... It's a large lot, with a center island, with pumps for diesel, regular, and unleaded gasoline. It has two entrances, one on the north side and one on the south side, and they are divided

by—there is a ditch in there, with a curb that runs around, dividing the two entrances, and it's a concrete curb.

■ It is sufficient for purposes of Sec. 577.060.1, RSMo 1986, that the area in question was a place which was used for parking automobiles for a longer or shorter period of time, and that there was an implied invitation to the public to park automobiles there. The invitation is implied from the business carried on there, from its location and means of access, and from the proprietor's provision of the facility suited to the purpose of parking.

Defendant's case of *Douglass v. Safire*, 723 S.W.2d 21 (Mo.App.1986), is not in point. In that case the court was concerned with whether a certain driveway had the legal status of a "private road". We are not concerned with that here. We are concerned with whether the area was "a parking lot or parking facility generally open for use by the public". This may be shown by the appearance and circumstances of the area, and the use to which it was generally put.

■ Owen's second point is that the court erred in failing to give at Owen's request an instruction on the defense of justification by emergency or necessity, MAI–CR 3d 308.20, Sec. 563.026, RSMo 1986. The instruction is to be given when the claimed facts and circumstances, if true, are legally sufficient to support the instruction. *State v. Robinson*, 710 S.W.2d 14, 16 (Mo.App.1986). Owen's testimony, which he claims supported the instruction on justification by emergency or necessity, was as follows: After he had pulled into the MFA station and had stopped his car, and Officer Leps had pulled into the station and stopped his patrol car near Owen's car, Owen got out of his car and walked back to the patrol car. Officer Leps asked him his name and where he was from, then directed him to return to his car. Owen followed

the officer's instructions. The officer then got out of his car. For some time he was standing beside his car, talking on his car radio. Then he walked over to Owen's car. "I am going to have to take you in. You are under arrest for driving under the influence and almost rear-ending a patrol car." Owen acknowledged that he "apparently" or "could have" said, "F___" (Leps had testified that he said "F___ you") although he didn't remember saying it. The officer at this point reached in the open window of Owen's car and took hold of his neck or throat, breaking a gold necklace Owen was wearing. "And when he did that," Owen testified, "I just—it was so fast, I just panicked. I just left."

Owen went ahead to explain that he had been beaten by a police officer in California four or five years before, and that scene had flashed before his eyes as Officer Leps had reached into his window and laid hands on him, and caused him to panic.

Taking Owen's testimony as true, as we must for the purpose of determining his entitlement to the defense instruction, *State v. Thomas*, 625 S.W.2d 115, 122 (Mo. 1981); *State v. Cole*, 377 S.W.2d 306, 307 (Mo.1964), that testimony does not establish a ground for the instruction. The act of Owen in leaving the scene of an accident was in essence the resistance of an arrest. Sec. 575.150, RSMo 1986. It cannot be said that he was free from fault in setting up what he now claims was an emergency or a necessity justifying his flight without making the requisite reports.[1] The defense is predicated upon the defendant's freedom from fault in creating the emergency or necessity. Sec. 563.026, RSMo 1986. *State v. Robinson*, supra; *State v. Noerper*, 674 S.W.2d 100, 105 (Mo.App.1984). Therefore, defendant was not entitled to the instruction and the court was correct in refusing it.

■ Owen next points out certain errors in the formal judgments and sentences in

---

1. Compare *State v. Maxey*, 661 S.W.2d 641 (Mo. App.1983), holding in case where defendant claimed self-defense on charge of assault against police officer that "(t)here is no right to resist a known police officer who is making an arrest even when that arrest is unlawful".

the case. The trial court's minutes show that the defendant was sentenced to three years' imprisonment on Count I (which was the assault charge); two years on Count II (which was the leaving the scene of an accident charge); and six months on Count III (which was the driving while intoxicated charge). On the printed forms showing the separate judgments and sentences, however, both Count I and Count II were designated "Assault", whereas Count II should have been designated "Leaving the scene of an accident". On the intoxicated driving judgment, defendant is shown as having pleaded guilty rather than as having been found guilty by jury verdict.

These are obviously clerical errors, as reference to the court records show. They may be corrected by nunc pro tunc order, without the necessity of resentencing. *Brager v. State,* 625 S.W.2d 892, 895 (Mo. App.1981); *Crow v. State,* 492 S.W.2d 40, 46 (Mo.App.1973). The case will be remanded for that limited purpose.

The judgments of conviction are affirmed. The case is remanded for entry of nunc pro tunc order in accordance with the preceding two paragraphs.

All concur.