**STATE of Missouri, Respondent,**

v.

**James R. FARRIS, Appellant.**

**No. 56082.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Oct. 3, 1989.

**12**

Lawrence O. Willbrand, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted of driving while intoxicated and sentenced as a prior and persistent offender to seven years' imprisonment. He appeals. We affirm.

Defendant claims he was entitled to a necessity instruction. He says there was an imminent danger of exposing children to traffic at night or of abandoning them if he had not driven while intoxicated, on the shoulder, to seek aid to fix a flat tire.

On April 8, 1988 at approximately ten o'clock at night, defendant's intoxicated companion was driving her pickup south on a public highway. Defendant and his nine-year-old daughter were in the cab while three children, ages sixteen, fifteen and fourteen, rode in the pickup bed. The pickup approached Albert Vincel's car. Vincel slowed to turn into his driveway and was rear ended by the truck. There were no injuries.

The truck's driver was taken to the police station for processing by Sergeant Wilcox of the Missouri State Highway Patrol. The intoxicated defendant, four children and Trooper Wagoner were left at the scene of the accident. There was damage to the front of the pickup, its right front tire was flat and the rim was bent. Although both the sergeant and the trooper offered to call a wrecker, defendant declined. Both patrolmen ordered defendant not to drive. He said he would not and also said he would wait there, twelve miles out of town, until the driver was released. Trooper Wagoner returned to Fredericktown.

Defendant lacked the proper lug wrench and was unable to change the tire himself. Although Vincel's house was only 300 feet from the scene, defendant elected to drive the pickup to help two miles away. Mr. Vincel heard the truck drive away and called the sheriff's office. Defendant remained on the shoulder and never exceeded six miles per hour. After being contacted, Trooper Wagoner found defendant approximately one-half to one mile away from the restaurant and service station to which he was driving. The trooper stopped and arrested defendant for driving while intoxicated. The children with defendant were left with the truck. They gathered their gear, walked for 45 minutes and then hitched a ride back to St. Louis.

In order to benefit from the affirmative defense of necessity one must prove three essential elements: (1) the act charged must have been done to prevent a significant [harm]; (2) there must have been no adequate alternative; and (3) the harm caused must not have been dispropor-

tionate to the harm avoided. *City of St. Louis v. Klocker*, 637 S.W.2d 174, 175 (Mo. App.1982). § 563.026, RSMo 1986.

■ Defendant's evidence was: no one wanted to help him; it was cold; Vincel was unfriendly and he had to take the children somewhere. However, defendant has failed to show the absence of legal alternatives which would abate the danger of abandoning the children or sitting on the shoulder of the highway at night. *State v. Diener*, 706 S.W.2d 582, 585 (Mo.App.1986).

Defendant had legal alternatives other than driving while intoxicated. Defendant could have accepted the Highway Patrolmen's offer to call a tow truck or asked for a ride to Fredericktown. Although Vincel may have been unfriendly, defendant could have walked 300 feet to Vincel's home to make a telephone call.

Therefore, under § 563.026, RSMo 1986 the trial court properly ruled defendant's claimed facts and circumstances, if true, did not constitute necessity.

Judgment affirmed.

SIMON, C.J., and HAMILTON, J., concur.