STATE of Missouri, Plaintiff–Respondent,

v.

Billy D. WYATT, Defendant–Appellant.

No. 16896.

Missouri Court of Appeals, Southern District, Division One.

Dec. 14, 1990.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

J. Gregory Mermelstein, Columbia, for defendant-appellant.

MAUS, Presiding Judge.

In a trial without a jury, the court found defendant Billy D. Wyatt guilty of driving while intoxicated, § 577.010, and to be a persistent offender, § 577.023.1(2). The defendant was sentenced to imprisonment

tition was timely filed. That question is not addressed by this opinion.

for three years. There was an abundance of evidence from the testimony of the arresting highway patrolman, and the results of a breathalyzer test, to establish that defendant did operate a motor vehicle in an intoxicated condition, in violation of § 577.010. Defendant's sole point on appeal is that the trial court erred in not finding his conduct was not criminal because of the affirmative defense of justification by necessity under § 563.026.

The following is an outline of the testimony the defendant asserts establishes that affirmative defense. On the evening in question, he was home alone. During the course of the evening, he had consumed four beers. At about 10 p.m., the defendant received a phone call from an ex-son-in-law who was in a tavern. The ex-son-in-law told the defendant the defendant's son was going to leave on a motorcycle and that the son was too drunk to drive. He said the defendant should come and get his son. To prevent the son from driving his motorcycle while drunk, the defendant drove to the tavern. From the time he arrived until about 1:15 a.m., the defendant had two beers while trying to persuade his son to leave with him. The defendant was unable to do so and left. He was arrested while driving home.

The following is the relevant part of the statute defining the circumstances when the defense of justification by necessity is available.

"Unless inconsistent with other provisions of this chapter defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute any crime other than a class A felony or murder is justifiable and not criminal when it is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability of avoiding the injury outweighs the desirability of avoiding the injury sought to be prevented by the statute defining the crime charged." § 563.026.1.

That section also provides:

"... Whenever evidence relating to the defense of justification under this section is offered, the court shall rule as a matter of law whether the claimed facts and circumstances would, if established, constitute a justification." § 563.026.2.

The trial court did not expressly declare the claimed facts and circumstances would not, if established, constitute justification. However, that is the result of the findings of the trial court. Rule 27.01.

The defendant argues the claimed facts establish the defense because he was driving only to prevent his son from driving while drunk, there was no one else available to retrieve the son from the tavern and defendant's driving was not disproportionate to the harm he sought to prevent. The application of the statutory defense of justification by necessity is limited. *State v. O'Brien*, 784 S.W.2d 187 (Mo.App.1989); *State v. Owen*, 748 S.W.2d 893 (Mo.App. 1988); *State v. Diener*, 706 S.W.2d 582 (Mo.App.1986); *State v. Noerper*, 674 S.W.2d 100 (Mo.App.1984); *City of St. Louis v. Klocker*, 637 S.W.2d 174 (Mo.App. 1982).

It is apparent there are multiple reasons why the conduct for which the defendant was convicted was not justified by necessity within the meaning of § 563.026. It is most obvious there was no necessity for the defendant to drive while intoxicated on his way home from the tavern. This observation should not be construed to imply that driving while intoxicated on the way to the tavern would have been justified within the meaning of the statute. The defendant's sole point on appeal has no merit and the judgment is affirmed.

PREWITT and CROW, JJ., concur.