**STATE of Missouri, Plaintiff–Respondent,**

v.

**Vincent COLLINS, Defendant–Appellant.**

No. 19014.

Missouri Court of Appeals,
Southern District,
Division Two.

May 5, 1994.

Emmett D. Queener, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Following jury trial defendant was convicted of leaving the scene of a motor vehicle

accident. § 577.060, RSMo Supp.1992. The jury recommended that he be fined in an amount determined by the court, and a $1,000 fine was imposed against defendant. Defendant appeals.

■ Defendant contends the state "did not produce sufficient evidence to convince a rational trier of fact that appellant failed to provide to police officers at the scene of the accident adequate information by which he could be identified and located because appellant provided the police officers with his name, address and phone number." Section 577.060.1, upon which the conviction was based, is set forth marginally.[1]

"In reviewing to determine if the evidence was sufficient to support the charge, the evidence favorable to the state is accepted as true, including reasonable inferences drawn from the evidence, and all evidence and inferences to the contrary disregarded." *State v. Hodge*, 771 S.W.2d 379 (Mo.App.1989). "The test is whether the evidence, so viewed, was sufficient to make a submissible case from which rational jurors could have found beyond a reasonable doubt that appellant was guilty." *State v. Seeger*, 725 S.W.2d 39, 40 (Mo.App.1986).

The incident occurred on January 12, 1993. Defendant was driving an automobile on Second Street in Joplin. As he neared Jefferson School he came upon two young boys, Chris Horn and Tom Hull, who were playing in the street. Tom Hull was struck by defendant's vehicle and thrown over the top of it, landing on the pavement. A nearby resident called the police and then went to the scene. Hull had blood coming out of his mouth and apparently had no pulse and was not breathing. Another motorist attempted CPR on Hull.

Defendant testified he was aware of a "loud thumping noise" but was unaware what occurred until a passenger in his vehicle told him he had hit a boy. He had continued down the street about 427 feet and then returned to where the child was. Defendant then drove Chris Horn to Tom Hull's home to notify Hull's mother. Defendant did not tell her he was involved in the incident. When defendant returned to the scene, Joplin police officers were present. Defendant told them that he came upon the scene after the accident. He did give an officer his name, address and telephone number. Several hours later defendant saw a news report of the incident on television and thereafter contacted the police officers and admitted his involvement.

■ Defendant does not contend that there was insufficient evidence that he left the scene before giving the necessary information and admits that he did so. Merely stopping at the scene without giving the information required by § 577.060.1 is not sufficient compliance with the statute. See *State v. Hopkins*, 841 S.W.2d 803, 805–806 (Mo.App.1992).

It was several hours after the incident before defendant admitted he had lied about his vehicle striking Tom Hull. Defendant appears to have had a plan of deceit to avoid involvement in the incident. Based on defendant's conduct, until he admitted involvement, the jury could have found that his going to the victim's house was not for a laudatory purpose, but as part of a scheme to avoid anyone knowing that his vehicle had struck the child.

■ It is apparent here that the victim could not have received the information. Under those circumstances defendant was obligated to remain at the scene. The offense of leaving the scene of a motor vehicle accident is complete when the defendant, knowing a person has been injured, drives on without giving the required information. *Hodge*, 771 S.W.2d at 380. There was no

---

1. **577.060. Leaving the scene of a motor vehicle accident.**—1. A person commits the crime of leaving the scene of a motor vehicle accident when being the operator or driver of a vehicle on the highway or on any publicly or privately owned parking lot or parking facility generally open for use by the public and knowing that an injury has been caused to a person or damage has been caused to property, due to his culpability or to accident, he leaves the place of the injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and driver's license number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer.

emergency or compelling reason for defendant to have left.[2]

The judgment is affirmed.

CROW and GARRISON, JJ., concur.

---

**2.** Defendant does not raise any claim that he went to the victim's house because of "justification" or "necessity". Those defenses "are functionally synonymous". *State v. Diener,* 706 S.W.2d 582 (Mo.App.1986). On such a defense see § 563.026, RSMo 1986; *State v. Wyatt,* 800 S.W.2d 480, 481 (Mo.App.1990); *State v. Farris,* 778 S.W.2d 11, 12–13 (Mo.App.1989); *State v. Owen,* 748 S.W.2d 893, 895 (Mo.App.1988); *State v. Noerper,* 674 S.W.2d 100, 104–105 (Mo.App.1984).