**STATE of Missouri, Respondent,**

v.

**Jerry STEWART, Appellant.**

**No. ED 94345.**

Missouri Court of Appeals, Eastern District, Division Five.

March 15, 2011.

Alexa I. Pearson, Columbia, MO, for appellant.

Chris Koster, Atty. Gen., Timothy A. Blackwell, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

*Introduction*

Jerry Stewart appeals from a judgment of conviction for leaving the scene of a

motor vehicle accident. He asserts that there was insufficient evidence to support the conviction. We affirm.

## Background

Stewart was charged with assault in the first degree (Count I), armed criminal action (Count II), and leaving the scene of a motor vehicle accident (Count III). The evidence at the 2009 jury trial showed the following.

On the night of December 1, 2008, Stewart was at a bar where Gary Lawrence (Victim) was the bouncer. Stewart and Victim were involved in an altercation, and Victim asked Stewart to leave. Victim followed Stewart outside, and Stewart displayed a knife before leaving in a white pick-up truck. Stewart returned later, and Victim approached Stewart's vehicle. A witness testified that she heard tires squealing and looked over to see Victim hanging onto the front passenger side of a white truck, being dragged. Several witnesses testified that when the white truck stopped, Victim fell to the ground between the front and rear tires, and that they saw the white truck back up—moving quickly enough to make the tires squeal and smoke—and run over Victim and hit a parked van as it drove away. The white truck left tread marks on both the road and Victim. Victim sustained serious injuries. The witnesses saw the white truck circle the area twice, first driving past about a block away and second at the top of the street when it was stopped by the police.

Officer Aaron Decker responded to reports of an accident. On his approach, he spotted a white truck about five or six blocks away from the accident that matched the description he had received, moving in the direction of the scene. He motioned with his arm for the vehicle to pull over but the driver refused, indicated that he was going straight. Officer Decker turned on his lights and executed a traffic stop, and obtained identifying information from Stewart, the driver. He told Stewart to remain where he was and continued to the scene; he arrived at the scene within four minutes after dispatch. After investigating the scene and questioning Stewart, Officer Decker took Stewart into custody.

Stewart testified in his own defense, stating that he did not realize that he had run over Victim, but knew that he had hit the parked van. He explained that he circled the block because he had missed his turn as he was going back to the van. Stewart moved for judgment of acquittal at the close of the State's evidence, which the trial court denied.

The jury returned a verdict of guilty on all three counts. Stewart filed a motion for acquittal or, in the alternative, a new trial, claiming, inter alia, that there was insufficient evidence that Stewart committed the criminal offense of leaving the scene of an accident. The trial court denied the motion. The trial court sentenced Stewart to concurrent sentences of ten years imprisonment in the Missouri Department of Corrections on Count I, three years imprisonment in the Missouri Department of Corrections on Count II, and six months in the county jail on Count III. This appeal follows.

## Standard of Review

We review challenges to sufficiency of the evidence supporting a criminal conviction for whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty of all the essential elements of the crime. *State v. Gibbs*, 306 S.W.3d 178, 181 (Mo.App. E.D.2010). We accept as true all evidence supporting the jury's verdict, including all favorable inferences

therefrom, and disregard all contrary evidence and negative inferences. *Id.*

### Discussion

█ In his sole point on appeal, Stewart argues that the trial court erred in overruling his motion for judgment of acquittal and in imposing judgment, because the State's evidence was insufficient to support a finding of guilt beyond a reasonable doubt, in that Stewart did not leave the scene of the crime but had circled the block and was returning to the scene when he was pulled over. We disagree.

Section 577.060.1, RSMo 2000 provides that a person "commits the crime of leaving the scene of a motor vehicle accident" when the driver of a vehicle, "knowing that an injury has been caused to a person or damage has been caused to property, due to his culpability or to accident," leaves the place of the accident without stopping and giving specific information to the injured party or to a police officer at the scene, or to the nearest police station or judicial officer.

This statute has been construed as requiring the driver, after injury or property damage, to stop "at once" and give information to the injured party or police officer if one is present. *State v. Cochran,* 496 S.W.2d 825, 826 (Mo.1973); *see also State v. Scott,* 278 S.W.3d 208, 216 (Mo. App. W.D.2009) (defendant must first stop at scene after accident to determine that no one at scene could receive information, before leaving for nearest police station). Although the driver causing the accident need not stop within a prescribed number of feet, the driver does have to stop and return to give the other party the required information to be in compliance with the statute. *See State v. Dougherty,* 358 Mo. 734, 216 S.W.2d 467, 473–74 (Mo.1949) (evidence that driver stopped about 300 feet from the accident and returned to give

information would have been sufficient for statutory compliance).

Stewart asserts that because he never left the vicinity of the accident and because he complied with the officer's request for his information after he was pulled over, he complied with Section 577.060. Our review of the facts, however, shows that Stewart left the crime scene immediately after running over Victim—and that he left the scene with enough speed to leave tread marks. Witnesses saw him driving in the area about a block away, and when he was pulled over after the incident, he was not at the scene but five or six blocks away. He refused an informal police request to pull over, and, when formally stopped, he did not report to the police officer what had happened. There was sufficient evidence here for a reasonable juror to find Stewart guilty of leaving the scene of an accident. Stewart did not stop at once, and, although he did not flee the vicinity, he had not returned to the crime scene when he was pulled over by the responding officer. *Cochran,* 496 S.W.2d 825, 826; *Dougherty,* 216 S.W.2d 467, 473–74.

On appeal, we must view the evidence in a light most favorable to the verdict and give deference to the jury's credibility determinations. *Gibbs,* 306 S.W.3d at 181; *State v. Brashier,* 301 S.W.3d 598, 599 (Mo.App. W.D.2010). The jury was not required to believe Stewart's assertion that he was heading back to the scene with the intention of giving his information to the police when he was pulled over. The State's evidence was sufficient to support a conviction for leaving the scene of a motor vehicle accident, and the trial court did not err in overruling Stewart's motion for judgment of acquittal and in imposing judgment.

Point denied.

## Conclusion

The judgment of the trial court is affirmed.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.