

# Missouri Court of Appeals

### Southern District

### Division Two

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Plaintiff-Respondent, | ) |
| | ) |
| vs. | )　　　No. SD32979 |
| | ) |
| LONNIE EUGENE HOGSETT, | )　　　**Filed: September 25, 2014** |
| | ) |
| Defendant- Appellant. | ) |

APPEAL FROM THE CIRCUIT COURT OF HICKORY COUNTY

Honorable Michael C. Dawson, Associate Circuit Judge

**AFFIRMED**

Lonnie Eugene Hogsett ("Defendant") appeals from his conviction for leaving the scene of a motor vehicle accident. *See* § 577.060.[1] He claims (1) there was insufficient evidence to support his conviction and (2) the trial court erred in failing to grant a mistrial when a witness referred to Defendant's prior conviction. These arguments are without merit, and Defendant's conviction is affirmed.

### Factual and Procedural Background

On February 23, 2012, Danny Rhoades ("Rhoades") and his wife were driving through Hickory County when Rhoades saw a body on the side of the road. Rhoades asked his wife to turn around, and they went back to the body. No

---

[1] All statutory references are to RSMo (2000).

one was present, and Rhoades did not observe any signs of life in the body. Rhoades went to a nearby convenience store where he called 911 at 7:37 p.m.

Defendant arrived at the home of his father, Gene Hogsett ("Father"), at about 7:30 that evening. Defendant told Father, "Mom's laying [sic] dead on the highway going out of town[.]" Defendant left Father's home when Father told Defendant he was going to call 911. Father and Defendant's step-mother called 911 at 7:30 p.m. and then went out to the highway where Father was able to identify the body of his ex-wife who was also Defendant's Mother, Joletta Hogsett ("Victim"). Father was unable to find a pulse, and Victim's body was getting cold.

Hickory County Sheriff's Deputy Greg Burke ("Deputy Burke") arrived on the scene about ten or fifteen minutes after Father. Defendant was not at the scene. Father spoke with Deputy Burke. The Hickory County coroner examined Victim's body and observed "extensive injuries to the head and side of the face."

At approximately 9:30 that evening, Defendant arrived at a local bar. While at the bar, Defendant spoke with Randy Perry ("Perry"). Defendant told Perry he had gotten into an argument with Victim, and Victim had jumped out of his truck. Defendant also stated he left the scene because he was worried about getting a DUI.[2]

Meanwhile, after completing his investigation at the scene, Deputy Burke began looking for Defendant. Deputy Burke was not able to locate Defendant at Defendant's home. About 40 minutes after leaving the scene, Deputy Burke

---

[2] The term "DUI," driving under the influence, is frequently used in other jurisdictions as the counterpart to Missouri's "DWI," driving while intoxicated, referred to in sections of Chapter 577 of the Missouri Revised Statutes. *State v. Eisenhour*, 410 S.W.3d 771, 777 (Mo. App. S.D. 2013).

received a tip that Defendant was at a bar. He went to the bar and arrested Defendant.

The next morning, Deputy Burke interviewed Defendant at the sheriff's office. Defendant told Deputy Burke that on the prior evening he had picked up Victim, and they were driving to a residence they rented together. During the drive, Defendant and Victim began arguing about a bill Victim had paid for some air-conditioning work. Defendant was not satisfied with the work. He was screaming and pounding on the console of the truck as he drove. Then Defendant noticed the dome light in the vehicle had come on. Defendant looked over to the passenger side of the vehicle and saw that Victim was missing and "that the door was just flapping." Defendant said he turned the truck around to look for Victim but could not find her so he went to Father's home.

Defendant was charged with one count of leaving the scene of a motor vehicle accident and was tried by a jury. At trial, in addition to the evidence summarized above, the prosecution presented evidence that Defendant did not call or go to the Hickory County Sheriff's Office on the night of February 23, 2012. The jury found Defendant guilty as charged and recommended a four-year prison sentence and a fine as punishment. The trial court sentenced Defendant in accordance with the jury's recommendation, and Defendant appeals.

## Point I

In his first point, Defendant argues the evidence was insufficient to support the verdict. This argument is without merit because it ignores the standard of review.

3

### Standard of Review

Appellate review of the question of whether there was sufficient evidence to support a jury verdict "is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Watson*, 968 S.W.2d 249, 252 (Mo. App. S.D. 1998) (quoting *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993)).  This Court will "accept as true all evidence supporting the jury's verdict, including all favorable inferences therefrom, and disregard all contrary evidence and negative inferences." *State v. Stewart*, 334 S.W.3d 732, 733-34 (Mo. App. E.D. 2011).

### Discussion

A review of the applicable law and the facts of the case under the appropriate standard of review shows sufficient evidence for a reasonable juror to find Defendant committed the elements of leaving the scene of a motor vehicle accident.  Under the applicable statute:

> A person commits the crime of leaving the scene of a motor vehicle accident when being the operator or driver of a vehicle on the highway . . . knowing that an injury has been caused to a person or damage has been caused to property, due to his culpability or to accident, he leaves the place of the injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and driver's license number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer.

§ 577.060.1.  "The offense of leaving the scene of a motor vehicle accident is complete when the defendant, knowing a person has been injured [or damage has been caused to property], drives on without giving the required information."

4

*Watson*, 968 S.W.2d at 252 (quoting *State v. Collins*, 875 S.W.2d 247, 248 (Mo. App. S.D. 1994)).

Defendant first argues he was not required to stop because there had not been an accident. Consequently, we must examine the definition of the term accident.

"When analyzing a criminal statute, this Court must discern the legislature's intent from the statutory language and give effect to that intent." *State v. Blankenship*, 415 S.W.3d 116, 121 (Mo. banc 2013). However, the term accident is not defined in the relevant statute. *See* § 577.001. "This Court considers the words used in their plain and ordinary meaning." *Id.* "When the Legislature has not defined a word, we can examine other legislative or judicial meanings of the word, and can also ascertain a word's plain and ordinary meaning from its definition in the dictionary." *Blankenship*, 415 S.W.3d at 121-22 (quoting *State v. Power*, 281 S.W.3d 843, 847 (Mo. App. E.D. 2009)). Black's Law Dictionary defines an accident as "[a]n unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could not be reasonably anticipated." Black's Law Dictionary 15 (8th ed. 2004).

The evidence in this case supported an inference that an unforeseen injurious event occurred. There was evidence that Defendant and Victim were driving down the highway and suddenly Victim was no longer in the vehicle. A passenger exiting a vehicle traveling at highway speed is an unexpected event. There was sufficient evidence from which a reasonable juror could have found Defendant was involved in an accident.

5

In support of his argument to the contrary, Defendant first suggests the evidence was insufficient because "no evidence was presented that the injury sustained by Victim was due to [D]efendant's culpability." This argument ignores the plain language of the statute. The statute is triggered by injury or property damage "due to [the driver's] culpability *or* to accident[.]" § 577.060.1 (emphasis added). The use of the word "or" indicates the legislature's intent that one of the conditions listed would be sufficient. Here, since there was evidence of an accident, it was not necessary that the State present evidence the injury was caused by Defendant's culpability.

Defendant further argues there was no accident because the evidence showed Victim jumped from the truck and, even if there was an accident, Defendant complied with the terms of the statute because he drove to the nearest location he could to report the accident. However, there was sufficient evidence that Defendant never called nor reported the incident to any police or sheriff's department officer. Defendant's arguments ignore the standard of review because they are based on facts and inferences which are contrary to the verdict. As such, those facts and inferences must be disregarded. *See* **Stewart**, 334 S.W.3d at 733-34.

There was sufficient evidence to show an accident occurred which caused injury and that Defendant left the scene without providing the required information. Defendant's first point is denied.

**Point II**

In his second point, Defendant argues the trial court erred in failing to grant a mistrial sua sponte when Father mentioned Defendant's prior conviction. We disagree.

As Defendant's counsel conceded during oral argument, Defendant did not request a mistrial after the testimony of which he now complains. In response to Defendant's objection to the evidence, the trial court ordered the prosecutor not to continue that line of questioning. The prosecutor obeyed, and Defendant did not request further relief.

"[A] trial judge should act *sua sponte* in the trial of a case only in exceptional circumstances." ***State v. Wright***, 216 S.W.3d 196, 199 (Mo. App. S.D. 2007). In fact,

> [a] trial court should avoid granting a mistrial on its own motion because a defendant has the right to have his trial completed by the jury that was sworn to hear his case and a retrial would be barred by the Double Jeopardy Clause if any prejudice could have been cured by a less drastic remedy.

***State v. Thompson***, 390 S.W.3d 171, 176 (Mo. App. E.D. 2012). The trial court had no duty to grant a mistrial *sua sponte* under the circumstances here. *See* ***Wright***, 216 S.W.3d at 199.

Defendant's second point is denied.

**Decision**

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, P.J. - OPINION AUTHOR

GARY W. LYNCH, J. - CONCURS

DON E. BURRELL, J. - CONCURS

7