STATE v. ROBERT NELSON HARRIS, Appellant.—No. 40552.—212 S. W. (2d) 426.

Division One, June 14, 1948.

J. Ray Weinbrenner for appellant.

J. E. Taylor, Attorney General, and John S. Phillips, Assistant Attorney General, for respondent.

1120

[426] VAN OSDOL, C.—Defendant was charged with the crime of feloniously leaving the place of injury to a person. Sections 8401(f) and 8404(c) R. S. 1939, Mo. R. S. A. A jury returned a verdict of guilty, and assessed the punishment of a year in jail and a fine of $100. Defendant has appealed.

[427] Defendant-appellant has filed no brief herein, but in his motion for a new trial defendant assigned errors of the trial court in refusing to direct a verdict of acquittal, in the admission of evidence, and in the giving and refusal of instructions. Where, as here, defendant has filed no brief upon appeal, it is our duty to look upon the specifications in his motion for a new trial as assignments of error in this court, and consider all questions in the motion properly preserved for review. State v. Grove, Mo. Sup., 204 S. W. 2d 757; and cases therein cited

At about 8:00 o'clock the evening of December 23, 1945, defendant was driving an automobile in a southerly direction on 12th Street in St. Louis. It was "kind of sleeting" and the streets were "slippery." When approaching Barton Street defendant's automobile struck two young women who were walking southwardly on the west side of 12th Street. The young women were fatally injured. Both were pronounced dead upon arrival at the hospital.

Defendant knew his car had struck the young women. He did not stop but drove on, and turned to his right (west) on Sidney Street. He stopped to let a friend out of the car at 18th and Sidney Streets; "when I got to 18th and Sidney, I told Sidney (the friend) that I was going to take off, and I left him out of the car." Defendant then continued on until he reached his home at 3605a North 25th Street in the northern part of the city. The facts above stated were related by defendant from the witness stand. Two witnesses for the State testified they heard defendant's car strike the young women,

and saw defendant drive on without stopping. Defendant testified, "It all happened so suddenly I was panicky. I didn't know what to do. It was the first accident I ever had. I drove on . . . ."

When defendant turned onto Sidney Street he was but one block from the police station of the 3d District of St. Louis.

Upon reaching home defendant told his wife he "struck two girls, that 'I don't think I hurt them bad, but I am going to go down and give myself up.'" He reported to the 3d District Police Station an hour and a half to an hour and fifty minutes after the casualties, and there made a statement of the facts to the police, in substance as we have stated supra.

As we have said, defendant in his motion for a new trial assigned error in the trial court's refusal of defendant's request for a directed verdict of acquittal. It is stated in the motion the State failed to show defendant's failure to comply with the statute, Section 8401(f), supra. It is true the evidence shows the defendant reported to the police station an hour and one-half to an hour and fifty minutes after the disaster. But the language of the statute does not contemplate a driver or operator may leave the scene of an injury or delay in complying with the statute's provisions. Section 8401(f), supra. The evidence introduced tends to show defendant, knowing the young women had been struck by his automobile, left the place of the injury. No evidence was introduced tending to show defendant stopped and undertook to give the information required by the statute to the injured persons, or to a police officer, or (if there were no police officer in the vicinity) to the nearest police station or judicial officer. [Section 8401(f), supra.] The crux of the crime with which defendant was charged and convicted was leaving the scene or place of injury without stopping and reporting the information as the statute requires. State v. Tippett, 317 Mo. 319, 296 S. W. 132; State v. Hudson, 314 Mo. 599, 285 S. W. 733. The offense was complete when the defendant, knowing a person had been injured, drove on without stopping and giving the information as required by the law. We hold the trial court did not err in submitting the issue of defendant's guilt to the jury.

[2] The trial court, over defendant's objection, permitted the State to introduce evidence showing the young women were fatally injured, and had died before they could be transported to the hospital; and evidence was introduced by the State, over the objection of defendant, tending to show the location of the young women's purses, shoes and other personal articles with reference to the place of the occurrence, the admission of all of which evidence defendant assigns as erroneous because immaterial [428] and highly prejudicial to defendant. It is stated in the motion the evidence tended "to inflame the minds of the jurors against this defendant." While the *extent* of the injury to the persons may not have been material, never-

theless an injury to a person (or to property) due to a defendant's culpability or to accident is contemplated as an essential circumstance by the statute. Section 8401(f), supra. In the instant case the facts of fatality were so closely associated with the evidence of the injuries that proof of injury could hardly have been made without showing the fatal character thereof. And evidence of the location of the young women's personal effects subsequent to the occurrence was relevant, in connection with other circumstances shown, as tending to show the place of injury and as tending to prove the motor vehicle operated by defendant was involved in the occurrence causing the injury. It does not appear that the State's counsel unduly stressed the fact the young women were fatally injured, nor does it appear the State emphasized the other circumstances from which it could be inferred the defendant's automobile struck with great force. It is also observed that, although the jury were authorized by statute [Section 8404(c), supra] to assess punishment of a maximum imprisonment of five years in the penitentiary, the jury actually assessed defendant's punishment at a year in jail and a fine of $100. The evidence was clear and substantial in supporting the charge, and the punishment actually assessed does not indicate the minds of the jury were inflamed against defendant. See again and examine State v. Grove, supra.

The principal Instruction No. 1, submitting the issue of defendant's guilt, hypothesized, "and if you further find and believe that the defendant did then and there and *immediately* after such striking and injuring, feloniously and unlawfully leave the place of injury and accident, without stopping and giving his name and residence, including the street and street number of his said residence, motor vehicle number of the automobile then and there operated by him . . . to the injured party, or to any police officer present in the vicinity of the place of injury, if you find there was such police officer there present, *and* without reporting the said injury and accident to the police station or judicial officer nearest to the scene of said injury and accident . . . then you will find the defendant guilty . . ." (Our italics.)

Defendant has directed attention to the word "immediately," and assigns error in the use of the word. And defendant assigns error in the refusal of his request for an instruction authorizing an acquittal if the jury should "find and believe from the evidence that no police officer was in the vicinity of said accident at the time and that *within a reasonable time later* the defendant voluntarily went to the nearest police station" and reported the facts as in the statute required. (Our italics.) We have treated with like contentions in considering the assignment of error in refusing to direct a verdict of acquittal. As stated the crime was completed when defendant

left the place of the injury "without stopping and giving" the information as the statute requires.

The use of the conjunctive "and" in the Instruction No. 1 (from which we have quoted supra) is the subject of complaint. It is asserted in defendant's motion for a new trial that the instruction should have advised the jury "defendant had the choice of three things to do, namely, stop and give his name and other information required by the statute to the injured party, or if there is a police officer in the vicinity to give his name and other information required . . . to the police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer; and said Instruction No. 1 was further erroneous in this respect, that it was so phrased as to the cause the jury to believe that the defendant is required to do all three of the above enumerated matters and things." Assuming the use of the conjunctive "and" was erroneous —was the instruction reversible error in the instant case? We believe defendant could not have been prejudiced by the use of the "and" conjunctive. The giving of an erroneous instruction does not constitute reversible error if the jury was not misled or misdirected by the instruction to the prejudice of defendant. State v. Fitzgerald, [429] Mo. Sup., 174 S. W. 2d 211; State v. Eden, 350 Mo. 932, 169 S. W. 2d 342; State v. Brickey, 348 Mo. 248, 152 S. W. 2d 1055; State v. Baumann, Mo. Sup., 1 S. W. 2d 153; 24 C. J. S., Criminal Law, sec. 1922, p. 1010 et seq. In examining the instant contention we have kept in mind there was no substantial evidence introduced tending to show the defendant did any of the three "above enumerated matters and things," until at least an hour and a half after the casualties. Had there been substantial evidence tending to show defendant stopped his automobile at the place of the injury and endeavored to give the information required by the statute to the injured persons, *or* gave the information to a police officer, *or* (if there were no police officer in the vicinity) had then reported to the nearest police station or judicial officer, the instant assignment of error might be a vital question. However, the evidence in the record, including the testimony of defendant's statement to the police officers and defendant's testimony at the trial, clearly negatives any compliance at the time, by defendant, with the statute. In our opinion, the use of the conjunctive "and" in the instruction could not have misled the jury as to the law and affected the result of the case.

We have found no error in the record proper; and the whole record indicates defendant was accorded a fair trial.

The judgment should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.