STATE OF MISSOURI, Respondent, v. GEORGE CARLYLE TAYLOR, Appellant, No. 42532—243 S. W. (2d) 301.

Division Two, November 12, 1951.

John P. Ryan for appellant.

J. E. Taylor, Attorney General, and Richard H. Voss, Assistant Attorney General, for respondent.

678

 ELLISON, J.—The appellant was convicted by a jury in the circuit court of Jackson County on an information charging felonious assault upon his wife, Agnes Taylor, with a deadly weapon, a razor, with malice aforethought and intent to kill her, in violation of Sec. 559.180, R. S. 1949, Sec. 4408, R. S. 1939, 13 Mo. R. S. A. The punishment assessed by the jury was imprisonment in the State Penitentiary for a term of five years. He was not accorded a preliminary examination under Sec. 544.250, R. S. 1949, 12 Mo. R. S. A. §3893, but waived it by failing to object and going to trial. Lambus v. Kaiser, 352 Mo. 122, 176 SW. (2d) 194.

 He appeals as a poor person without filing a brief, bringing up only a transcript of the record including his motion for new trial under Sec. 547.110, R. S. 1949, Sec. 4146, R. S. 1939, 13 Mo. R. S. A. In these circumstances, under Sec. 547.270, R. S. 1949, 13 Mo. R. S. A. § 4151, we must examine the record proper and consider the ten assignments in his motion for new trial bearing on matters complained of and preserved in the transcript. State v. Harris, 357 Mo. 1119, 1120, 212 SW. (2d) 426, 427(1); State v. Marshall, 354 Mo. 312, 314(1), 189 SW. (2d) 301, 302(1).

 The first assignment in the motion assailed the information on the grounds that it was insufficient to charge the crime, and was vague, indefinite and uncertain. The information was in the usual form and we see no defect in it except that in the beginning it charged the appellant George Carlyle Taylor committed the assault upon one "George Carlyle Taylor," that is to say, upon himself. But then it continued, reciting the assault was committed by the said George Carlyle Taylor upon "the said Agnes Taylor."

Undoubtedly the information was defective, as the result of this clerical error. But we think it was not invalid and void in view of Sec. 545.030, R. S. 1949, Sec. 3952, R. S. 1939, 12 Mo. R. S. A., which provides: "No indictment or information shall be deemed invalid * * *; (14) For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged; * * * (18) For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

It was held in Town of Cameron v. Hicks, 65 W. Va. 484, 64 S. E. 832, 833, that "to vitiate a pleading for 'repugnancy' the conflict must be irreconcilable"; and in Brown v. State, 96 Tex. Cr. R. 409,

257 SW. 801, that ''an indictment is 'repugnant' when, in the same count, it contains allegations inconsistent with each other, both of which cannot be true and there is no means of ascertaining from the face of the indictment which is meant.'' 37 Words and Phrases (Perm. Ed.) p. 90.

In this case the information on its face does seemingly charge that the appellant George Carlyle Taylor committed the assault upon himself (a person of same name at least). But it goes on to say the appellant with a razor assaulted ''the said Agnes Taylor'' and inflicted upon her the serious wounds described. The use of the word ''said'' with its context clearly shows the recital in the information that appellant assaulted himself was inadvertent and that Agnes Taylor was the person assaulted and intended to be designated. And the evidence shows without dispute that such was the fact if she was assaulted at all.

The next assignment in the motion for new trial is that the information was insufficient because it was not signed or sworn to by the prosecuting attorney *and* an assistant prosecutor, or verified by the oath of some person competent to testify as a witness, as required by Sec. 545.240 R. S. 1949, Sec. 3894, R. S. 1939, 12 Mo. R. S. A. That statute merely requires the information to be signed and verified by the prosecuting attorney, and not additionally by an assistant prosecutor, though it does permit verification by a person competent to testify. In this instance the information laying the charge was sponsored by Charles A. Darby, Assistant Prosecuting Attorney. And the supporting affidavit recited it was executed by him. But he failed to sign either, though the jurat, signed by a deputy circuit clerk, recited he had made the affidavit.

It has repeatedly been held that deficiencies such as the foregoing in complying with the requirements of the statute may be waived, and that the unsigned and unverified information will be treated as valid if the accused does not attack it by a motion to quash. No attack of any kind was made on the information in this case except in the motion for new trial. Hence this assignment is unavailing. State v. Jordan (Mo. Div. 2) 102 SW. (2d) 575, 576; State v. Johnson, 351 Mo. 785, 787(1), 174 SW. (2d) 139, 140(1, 2); State v. Majors (Mo. Div. 2) 237 SW. 486, 488(1).

Next the motion for new trial assails the information as vague, indefinite and uncertain ''in failing to state acts or omissions of the defendant.'' This complaint is wholly without merit. Stripped of repetition, it charged that on May 24, 1949, in Jackson County the appellant feloniously, willfully, on purpose and of his malice aforethought committed an assault upon Agnes Taylor with a razor, a deadly weapon, and cut her therewith on the head and body, with the felonious, willful, purposeful and malicious intent to kill her.

■ The 2nd to 8th assignments in the motion complain that the evidence was insufficient to support the charge beyond a reasonable doubt; because (2) the testimony of the prosecuting witness was uncorroborated; (3) the evidence failed to show a motive on the part of the defendant to commit the assault; (4) it failed to show the crime was committed with malice aforethought; (5) it was completely overcome by evidence favorable to the defendant; (6) it thereby raised the necessary inference that the verdict was the result of bias, prejudice, passion and partiality; (7, 8) and the court erred in failing to give an instruction in the nature of a demurrer to the evidence at the close of the State's case and the whole case. We hold neither of these assignments can be upheld.

As briefly as possible we sketch the evidence. The prosecuting witness, appellant's wife, testified that she had left him over a year before the trial while they were living in Wichita, Kansas, because of his drunkenness, idleness and threats, and moved to Kansas City, and was living with her mother. He came to Kansas City and on one or more occasions rang her mother's door bell at night and threatened her. On the date of the assault, about noon, she was sweeping the sidewalk outside when appellant came up and followed her into the house, placing his foot in the doorway so she could not close the door. He pursued her to the second floor, trying to get something out of his pocket. She called a woman living in the house, who telephoned the police. Appellant overtook her near the doorway of a room on the second floor and slashed her two or three times on the throat and face with the razor.

Two policemen, Hogue and Fisher, arrived about that time and intercepted appellant at the front door as he was about to leave. Both testified. Officer Hogue said he asked appellant what the trouble was, and the latter said: "There's a man upstairs chasing a woman around." Officer Fisher said appellant answered "Nothing." Hogue had his partner, Fisher, hold appellant, and went upstairs to investigate. There was blood all over the room. He returned and took a razor from appellant's pocket. It had blood on it. The wife identified him as her assailant. At first ■ appellant denied the assault but later admitted it.

The appellant testified he had made overtures for a reconciliation with his wife, or for a property settlement and separate maintenance suit. She seemed to be wavering as to the reconciliation, but finally sent word to him to come out (to her house). In the meantime he had just bought a straight razor from a barber for his personal use. When he went to her house he forgot it was in his pocket in between some pictures. He testified: "I get out there and pull the razor out in the scuffle—not knowing its in between the pictures at all." He said his wife "grabbed at the razor and the scuffle takes place," but that he made no attempt to harm her. Further he denied the

officers intercepted him at the front door and said they came upstairs to the room where he and his wife had the scuffle and the razor was in her hand, and both of them had ahold of it. "Somehow or another she was cut, and my fingers were cut." He said "Look" and she dropped the razor. He picked it up and was holding it when the officers entered the room. Officer Hogue said he did not recall any blood on appellant's hand, and his report did not show it. It is obvious from the foregoing testimony that the State made a case for the jury.

 The 9th assignment in the motion for new trial complains of the trial court's refusal to give appellant's tendered instruction lettered A on the presumption of innocence and burden of proof. We think the trial court did not err in refusing the instruction. It had already given an instruction No. 5 on accident (appellant's defense) and had told the jury the burden of proof was not on the appellant to establish that defense, but upon the State to disprove it beyond a reasonable doubt. Further the court had given an instruction No. 6 on the presumption of innocence on the whole case in the usual form.

The appellant's said tendered instruction A on the presumption of innocence, stated the presumption was "so strong" that it "clings to him, surrounds, shields and protects him, throughout the entire trial of this case," until overcome by credible evidence proving his guilt beyond a reasonable doubt. Then the instruction went on to say: "It is not sufficient in a criminal case, to justify a verdict of guilty in that there may be a strong suspicion, or even strong probability of guilt," but the law required proof "by legal and credible evidence of such nature that when it is all considered, it produces a clear, undoubting, and entirely satisfactory conviction of the defendant's guilt. * * *"

We think the instruction was erroneous and properly rejected. One somewhat like it was refused in State v. Dooms, 280 Mo. 84, 97(4), 217 SW. 43, 47(6) and this court approved that ruling on the ground that the instruction was argumentative and partisan. And that decision was cited as authority in State v. Saunders, 288 Mo. 640, 656(7), 232 SW. 973, 978(8). So, also, it is said in 23 C. J. S., p. 891, §1305: "The giving of argumentative instructions is improper."

 The last assignment in the motion for new trial complains of the assistant prosecuting attorneys' argument to the jury in which they, or one of them, stated that the appellant "went to his estranged wife's home for the purpose of killing her;" and further during said argument waved and exhibited the razor to the jury in such manner as to create passion and prejudice in the minds of the jury. Appellant complains there was no evidence of the facts stated in counsels' argument; and that it was made for the calculated purpose of inflaming the jury, and did prevent them from giving unbiased consideration to the evidence.

.In our opinion the testimony adduced by the State showing the appellant forced his way into his wife's home and pursued and assaulted her with a razor, a deadly weapon, on the face and neck, a vital part—that. testimony, we say, factually justified the assistant prosecuting attorneys' argument. But the argument of both assistant prosecuting attorneys is preserved in the record. It did run along the foregoing line, but the record does *not* show that they waved and exhibited the razor before the jury, or that appellant's counsel objected thereto.

This covers all the assignments in the motion for new trial. We find no reversible error, and the judgment is affirmed. All concur.