**STATE of Missouri, Plaintiff-Respondent,**

v.

**William H. COCHRAN, Defendant-Appellant.**

**No. 55643.**

Supreme Court of Missouri,
Division No. 1.

June 11, 1973.

Motion for Rehearing or to Transfer to Court
En Banc July 16, 1973.

John C. Danforth, Atty. Gen., Allan Seidel, Asst. Atty. Gen., Jefferson City, for respondent.

Shaw & Howlett, C. Clifford Schwartz, Clayton, for defendant-appellant.

HOLMAN, Presiding Judge.

Defendant was charged with and found guilty of the offense of leaving the scene of a motor vehicle accident. See § 564.450, RSMo 1969, V.A.M.S. The jury fixed his punishment at six months' imprisonment in the county jail. Defendant has appealed. We have jurisdiction because the appeal involves a felony conviction and was taken prior to January 1, 1972, the effective date of new Art. V, § 3, Mo.Const., V.A.M.S. We affirm.

Section 564.450 reads as follows: "No person operating or driving a vehicle on the highway knowing that an injury has been caused to a person or damage has been caused to property, due to the culpability of said operator or driver, or to accident, shall leave the place of said injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and chauffeur's or registered operator's number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer."

It is admitted that a collision occurred on August 29, 1969, at the intersection of Monarch Avenue and Chambers Road in St. Louis County between an automobile

driven by defendant and one driven by Mrs. Marie Meyer. Substantial damage was caused to both vehicles but there is no suggestion that anyone sustained personal injuries.

Mrs. Meyer testified that after the collision defendant rolled down his car window and said he had insurance, and for her to pull over to the side of the street so he could talk with her; that defendant did not give her any information such as name, address, license number, etc.; that she pulled her car over to the side of the street and stopped, but defendant drove his car past her and kept going; that a policeman, Officer Wells, came almost immediately and that she accompanied him in driving around the area looking for defendant's car; that they found the car parked in the back yard of a residence five or six blocks away; that defendant was in the house at that time and was arrested and taken away by other officers who arrived soon thereafter.

Defendant testified that after the collision he got out of his car and told Mrs. Meyer that he had insurance but it required that he call the police; that he asked her to pull over to the side of the street and he then drove one and one-half blocks to the home of a friend, Mrs. Cooper, to use the telephone; that at his request Mrs. Cooper called the police and reported the collision; that a few minutes later a policeman arrived who said he had not received defendant's call but was just looking around the neighborhood; that later, another police car came and those police officers said they had just received a call to come to that address; that he did not have Mrs. Cooper present to give testimony because she lived in Fort Scott, Kansas, at that time and he was not sure the case was going to trial that day.

In rebuttal the State presented police records and testimony to the effect that no call was received from a civilian in regard to this accident.

■ The main verdict directing instruction (No. 2) required a finding that defendant, "knowing that damage to property had occurred due to said accident, did then leave the place of said accident and damage without stopping and giving his name, residence, including city and street number, motor vehicle number and chauffeur's or registered operator's number, if any, to the injured party or to a police officer, or if no police officer was in the vicinity, then to the nearest police station or judicial officer." Defendant contends that the instruction was misleading and prejudicial because it used the words "injured party," therefore assuming that there was an injured party when there was no evidence that any party had been injured.

The contention is without merit and is ruled adversely to defendant. It will be noted that the quoted portion of the instruction follows the words of the statute. As used in the statute as well as in the instruction, the phrase "injured party" is intended to encompass a person whose property has been damaged as well as one who has sustained personal injury. Moreover, there was no contention by defendant that he gave the required information to anyone except to personnel at the police station. And it should be noted that the instruction specifically referred to defendant's knowledge of "damage to property." We have the view that the instruction could not have misled the jury and was therefore not prejudicially erroneous.

■ The remaining contention is that the court erred in overruling defendant's motion for a judgment of acquittal because there was evidence that defendant gave the required information to the nearest police station, which information served the basic purpose of the statute. We think that the statute should be construed as requiring a driver, after injury or property damage, to stop at once and give the required information to the injured party or to a police officer if one is present. It is only when

no police officer is present and the other party is badly injured or for some reason is unable to receive the information that he may leave the scene and go to the nearest police station or judicial officer to give it. State v. Harris, 357 Mo. 1119, 212 S.W.2d 426 (Mo.1948). Also, in testing the sufficiency of the evidence on defendant's motion for judgment of acquittal, the evidence must be viewed in the light most favorable to the State and evidence to the contrary must be rejected. State v. Hicks, 438 S.W.2d 215 (Mo.1969). It seems obvious to us that the testimony was amply sufficient to make a submissible case and hence that the court did not err in overruling defendant's motion for judgment of acquittal.

Judgment affirmed.

All concur.