STATE of Missouri,
Plaintiff–Respondent,

v.

Jacquelyn S. HODGE,
Defendant–Appellant.

No. 15828.

Missouri Court of Appeals,
Southern District,
Division Two.

June 7, 1989.

Edward D. Hoertel, Asst. Prosecuting Atty., Rolla, for plaintiff-respondent.

Ronald J. Fuller, Rolla, for defendant-appellant.

PREWITT, Judge.

Following jury trial defendant was convicted of leaving the scene of an accident in violation of § 577.060.1, RSMo 1986, and assessed a fine of $100.00. On appeal she presents two points relied on.

For her first point defendant contends that the court erred in overruling her motion for judgment of acquittal because the evidence at trial was insufficient upon which to convict her. In reviewing to determine if the evidence was sufficient to support the charge, the evidence favorable to the state is accepted as true, including reasonable inferences drawn from the evidence, and all evidence and inferences to the contrary disregarded. *State v. King*, 702 S.W.2d 118, 119 (Mo.App.1985); *State v. Mitchell*, 689 S.W.2d 143, 146 (Mo.App. 1985).

■ Section 577.060.1, RSMo 1986, is set forth below.[1] Defendant agrees that a motor vehicle accident occurred which caused damage to property. She also acknowledges that the evidence reveals that she did not give the injured party the information required by § 577.060.1 regarding herself nor give it to a police officer at the scene. She contends that "providing information to anyone at the scene of the accident was, indeed, an impossibility." She asserts that by giving this information to a policeman at the police station some ten hours after the accident she complied with the statute.

The evidence favorable to the state reveals the following. The incident occurred in Rolla on November 7, 1987, at approxi-

---

1. **577.060. Leaving the scene of a motor vehicle accident.**—1. A person commits the crime of leaving the scene of a motor vehicle accident when being the operator or driver of a vehicle on the highway or on any publicly or privately owned parking lot or parking facility generally open for use by the public and knowing that an injury has been caused to a person or damage has been caused to property, due to his culpabil-

ity or to accident, he leaves the place of the injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and chauffeur's or registered operator's number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer.

mately 1:05 a.m. Defendant and a friend were leaving a restaurant and bar with defendant driving her motor vehicle. She backed into the street and struck the passenger door of a vehicle operated by Vernon Crabtree. The passenger door was caved in. There was also a passenger in Crabtree's vehicle. Crabtree's vehicle remained in the street and defendant pulled forward into a driveway and stopped.

Crabtree exited his vehicle and looked at the damage and stated he would call the police. Crabtree walked to a bar where he called the police station. Police records showed that the phone call was received at 1:17 a.m. It took Crabtree approximately three minutes to go call the police. After the call, Crabtree returned to the location of the incident, but defendant, her vehicle and passenger were gone. No information regarding defendant was given to him or to his passenger. A police officer arrived at the scene at 1:18 a.m. The officer had been approximately one block away just before receiving the call. Defendant went to the Rolla police station and talked to a police office at approximately 11:00 o'clock that morning. Apparently at that time she gave him the information required by § 577.060.1.

Former § 564.450, RSMo 1969, is identical to the part of § 577.060.1 relevant here. Both state that no person shall leave the place of the injury "without stopping and giving his name, residence, including city and street number, motor vehicle number and chauffeur's or registered operator's number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer."

This part of § 564.450 was construed as requiring a driver to stop and give the required information to the injured party or a police officer if one is present, and it is only when no police officer is present and the other party is unable to receive the information that the driver may leave and go to the nearest police station or judicial officer to give the required information. *State v. Cochran,* 496 S.W.2d 825, 826–827

(Mo.1973). See also *State v. Harris,* 357 Mo. 1119, 212 S.W.2d 426, 427 (1948) (reporting information to a police station an hour and a half later no defense).

There was evidence from which the jury could find that defendant could have given the required information to Crabtree immediately after the incident, or a few minutes thereafter, or to a police officer, but instead left the scene and did not do so. The evidence was sufficient to support the conviction. This point is denied.

■ Defendant's remaining contention is that the court erred in giving the instruction submitting the crime of leaving the scene because it "deviates from the statute by allowing the jury to disregard Defendant's effort to comply with the statute by giving information to the nearest police station".[2] The instruction required a finding that the defendant left the scene without giving the required information "to the owner of the damaged property or to a police officer present at the scene".

Under the circumstances here the instruction was proper. Going to the police station was not a proper option. It was undisputed that Crabtree could have received the information and a police officer was there within a reasonable time thereafter. Only when no police officer is present and the other party cannot receive the information may a driver leave the scene and go to the nearest police station. *Cochran,* 496 S.W.2d at 826–827. The offense is complete when the defendant, knowing a person has been injured, drives on without giving the information and reporting it to the police station an hour and one-half later is no defense. *Harris,* 212 S.W.2d at 427. This contention is denied.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.

2. The instruction followed MAI–CR3d 331.10.