STATE of Missouri, Respondent,

v.

Matthew R. HIRT, Appellant.

No. WD 56763.

Missouri Court of Appeals,
Western District.

Feb. 15, 2000.

Motion for Transfer to
Supreme Court Denied March 28, 2000.

Application for Transfer Denied
May 30, 2000.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jermiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J.,
LOWENSTEIN, J. and ULRICH, J.

ROBERT G. ULRICH, Judge.

Matthew Hirt appeals his conviction following jury trial for leaving the scene of a motor vehicle accident, section 577.060, RSMo 1994. Mr. Hirt contends that the trial court erred in overruling his motion for acquittal because insufficient evidence was presented to convict him of leaving the scene of an accident in that Mr. Hirt, after driving away from the location where he struck and apparently killed a pedestrian, presented himself to the Sheriff's department one hour after the accident. The judgment of the trial court is affirmed.

## Facts

On January 24, 1998, Mr. Hirt, driving a red Pontiac, struck a pedestrian walking alongside the road while Mr. Hirt was attempting to pass his neighbor's vehicle traveling along the road. The pedestrian flew up into the windshield, rolled over the top of the car, and landed alongside the road in the ditch. Mr. Hirt did not stop his vehicle but continued into the ditch, hit a metal culvert pipe, traveled along the ditch, reentered the roadway from a driveway 165 feet south of the impact and continued driving down the road. Mr. Hirt drove to his grandmother's residence, asked to use the telephone and then walked a short distance to his parents' home. He was then driven to the Saline County Sheriff's Department by his father, arriving at the police station approximately one hour after the accident.

Mr. Hirt was subsequently charged by information, as a prior offender, with leaving the scene of a motor vehicle accident, section 577.060, RSMo 1994, and assault in the second degree, section 565.060, RSMo 1994. The jury found Mr. Hirt guilty of the offense of leaving the scene of a motor vehicle accident and acquitted him of the offense of assault in the second degree. He was sentenced to five years imprisonment. This appeal followed.

## I. Sufficiency of the Evidence

Mr. Hirt's first point on appeal is that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence because insufficient evidence was presented to convict him of the crime of leaving the scene of a motor vehicle accident. He claims he had a legal defense to the offense, having presented himself to the Saline County Sheriff's Department after the accident in compliance with section 577.060, RSMo 1994.

In reviewing the sufficiency of the evidence, appellate review is limited to a determination of whether sufficient evidence was presented from which a reasonable trier of fact might have found the defendant guilty beyond a reasonable doubt. *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998), *cert. denied*, 525 U.S. 1021, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998). Also, in testing the sufficiency of the evidence on defendant's motion for judgment of acquittal, the evidence must be viewed in the light most favorable to the State and evidence to the contrary must be rejected. *State v. Cochran*, 496 S.W.2d 825, 827 (Mo.1973).

Section 577.060, RSMo 1994, provides:
A person commits the crime of leaving the scene of a motor vehicle accident when being the operator or driver of a vehicle on the highway ... and knowing that an injury has been caused to a person ... due to his culpability or to accident, he leaves the place of the injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and driver's license number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer.
§ 577.060.1, RSMo 1994.

This statute has been construed by the Supreme Court as "requiring a driver, after injury or property damage, to stop at once and give the required infor-

mation to the injured party or to a police officer if one is present." *Cochran,* 496 S.W.2d at 826. Only when no police officer is present and the other party is badly injured or for some reason is unable to receive the information may the driver leave the scene and go to the nearest police station or judicial officer. *Id.* at 826–27. The statute by its plain language imposes two separate requirements on a driver knowing that an injury has been caused due to his culpability or accident. Those requirements are: (1) to stop,[1] and (2) to give his "name, residence, including city and street number, motor vehicle number, and driver's license number, if any, to the injured party or to a police officer." § 577.060.1, RSMo 1994. The statutory language permitting the driver to go to the nearest police station or judicial officer applies only to the requisite giving information and not to the stopping requirement.

The Missouri Supreme Court has declared that the purpose of the statute is: (1) to prevent those controlling and operating automobiles from concealing their identity by immediate flight from the scene of the accident; (2) to obtain information which will readily identify him; (3) to prevent drivers from evading prosecution by escaping before their identity can be determined; and (4) to sufficiently establish the identity of the parties so that they and police authorities may know with whom to deal in matters growing out of the accident. *State v. Dougherty,* 358 Mo. 734, 216 S.W.2d 467, 474 (1949) (citations omitted). Requiring a driver to stop at the scene of an accident in which the driver was involved to determine the ability of the injured party to receive information or the absence of a police officer at the scene supports the stated purposes of the statute. By stopping, one whose vehicle is involved in an accident can determine whether assistance is required and can respond to the demands imposed by the circumstances. Secondly, the person operating a motor vehicle involved in an accident will more likely be identified by stopping to determine whether a victim can receive information. The thrust of the statute is to compel motorists involved in vehicular accidents to stop and report information to facilitate identification and investigation of the circumstances of the accident. The General Assembly has assessed a criminal penalty in its determination to facilitate identification of the operator of a vehicle involved in an accident.

In this case, undisputed evidence was presented that Mr. Hirt did not stop at the scene of the accident but continued driving after he struck the pedestrian. He made no attempt to determine whether the victim could receive information or whether a police officer was in the vicinity. Mr. Hirt's belief as to the pedestrian's ability to receive information based solely on the impact, without stopping to investigate, is not sufficient to permit Mr. Hirt to fail to stop at the accident scene and to proceed to the nearest police station. Evidence that Mr. Hirt failed to stop to ascertain whether the victim could receive information or whether a police officer was in the vicinity was sufficient to support the conviction; therefore, the trial court did not err in overruling Mr. Hirt's motion for judgment of acquittal. Point one is denied.

## II. Verdict Director

■ Mr. Hirt asserts as his second point on appeal that the trial court erred in submitting the state's verdict director for leaving the scene of an accident and refusing to use Mr. Hirt's proposed verdict director instead because the verdict director submitted did not allow the jury to consider whether Mr. Hirt complied with the statute by giving information to law

---

1. Although the statute requires the driver to stop, in *State v. Dougherty,* 358 Mo. 734, 216 S.W.2d 467, 473 (1949), the Missouri Supreme Court stated that "we do not hold that the law required one who has had an accident to stop instantly, or within any certain number of feet of the place where the collision occurred."

enforcement authorities at the nearest police station. Mr. Hirt argues that submission of the state's verdict director denied him the legal defense of presenting himself and the requisite information to authorities at the nearest police station in compliance with section 577.060, RSMo 1994.

The state's verdict director, patterned after MAI–CR3d 331.10, using option 5 in the Fourth and Fifth paragraphs, was submitted to the jury:

> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about January 24, 1998, in the County of Saline, State of Missouri, the defendant operated a motor vehicle on a street traveled by the public at or near High Street near the intersection of Missouri State Highway 41 in the city of Miami, in the County of Saline, State of Missouri, and
>
> Second, that while so doing the defendant was party to an accident that caused physical injury to another person, and
>
> Third, that defendant knew or was aware that such physical injury had occurred, and
>
> Fourth, that at the time of the accident or shortly thereafter *the injured person was present at the scene of the accident and was able to receive information from the defendant,* and
>
> Fifth, that defendant left the scene of the accident without stopping and giving sufficient information by which the defendant could be readily identified and located to *the injured person,*
>
> Then you will find the defendant guilty under Count I of leaving the scene of a motor vehicle accident. . . .

MAI–CR3d 331.10 (emphasis added). Mr. Hirt objected to this instruction and pro-posed that the Fourth and Fifth paragraphs be replaced with option 8 of MAI–CR3d 331.10:

> Fourth, that at the time of the accident or shortly thereafter *no police officer was present at the scene of the accident and the other party to the accident was badly injured (or unable at the scene to receive information from the defendant),* and
>
> Fifth, that the defendant left the scene of the accident without stopping and giving sufficient information by which the defendant could be readily identified and located to *the nearest police station or judicial officer.*

MAI–CR3d 331.10 (emphasis added). The trial court concluded that both the state's and Mr. Hirt's proposed verdict directors were supported by the evidence and within the scope of the charge of leaving the scene of the accident as required by Note on Use 3 to MAI–CR3d 331.10.[2] The court ruled that it would not submit Mr. Hirt's verdict director in lieu of the state's but would submit both verdict directors to the jury as alternative instructions. Mr. Hirt decided to not submit his proposed verdict director as a separate instruction under those circumstances. Mr. Hirt argues that the verdict director submitted did not allow the jury to consider whether he complied with section 577.060, RSMo 1994, by going to the nearest police station after leaving the scene of the accident.

■ An appellate court may not reverse for alleged instructional error unless there is, in fact, an error in submitting the instruction and prejudice results to the defendant. *State v. Taylor,* 944 S.W.2d 925, 936 (Mo. banc 1997); Rule 28.02(f). An instruction should not be given if no evidence was presented to support it. *State v. Brown,* 958 S.W.2d 574, 580 (Mo. App. W.D.1997)(citing *State v. Daugherty,* 631 S.W.2d 637, 639 (Mo.1982)). Instruc-

---

**2.** MAI–CR3d 331.10 Note on Use 3 provides that "[i]f more than one optional paragraph is supported by the evidence and is within the scope of the charge, each of the two optional paragraphs so supported and charged may be submitted by separate instructions." MAI–CR3d 331.10.

tions must be supported by substantial evidence and its reasonable inferences. *Id.*

The trial court did not err in submitting the state's verdict director (patterned after MAI–CR3d 331.10 option 5) in lieu Mr. Hirt's verdict director (patterned after MAI–CR3d 331.10 option 8) because the defense of going to the nearest police station was not available to Mr. Hirt. The key portion of the verdict director, contained within both option 5 and option 8 to the Fifth paragraph of MAI–CR3d 331.10, requires that the defendant "left the scene of the accident without stopping and giving sufficient information." In this case, evidence was presented to show that Mr. Hirt left the scene of the accident without stopping his vehicle to determine whether the victim was unable to receive information or whether a police officer was in the vicinity. Mr. Hirt could only have complied with the statute, and thus availed himself to the defense of going to the nearest police station, by first stopping at the scene of the accident to determine that the victim was unable to receive information and that no police officer was in the vicinity. Mr. Hirt's subsequent trip to the police station an hour after the accident, after failing to stop at the scene to determine the status of the victim he struck, was not a defense to leaving the scene of a motor vehicle accident; therefore, the submission of the verdict director without the justification of giving the statutorily-required information to the authorities at the nearest police station or judicial officer did not deprive the jury of considering whether Mr. Hirt complied with the statute. Point two is denied.

### III. Hearsay Objections

In his final point on appeal, Mr. Hirt contends the trial court erred in sustaining hearsay objections precluding Mr. Hirt from eliciting testimony from his grandmother that he asked to use her telephone to call an ambulance and testimony from his father that he stated, "Daddy, I killed Mr. Bean." Mr. Hirt argues that his grandmother's testimony was admissible as an exception to the hearsay rule as a statement of a present intention to do a future act. He also argues that his father's testimony was not hearsay as it was not offered to prove the truth of the matter asserted.

### *Grandmother's Testimony*

Normally, an appellate court will not review evidence excluded by the trial court unless a specific and definite offer of proof had been made at trial. *State Farm Mut. Auto. Ins. Co. v. DeCaigney,* 927 S.W.2d 907, 911 (Mo.App. W.D. 1996). The offer must show three things: (1) what the evidence will be; (2) the purpose and object of the evidence; and (3) each fact essential to establishing the admissibility of the evidence. *Id.* When proffered evidence is denied admission, relevancy and materiality must be shown by specific facts sufficient in detail to establish admissibility to preserve the matter for appeal. *Id.*

Only in certain narrow circumstances is such an offer unnecessary. *Elmahdi v. Ethridge,* 987 S.W.2d 366, 371 (Mo.App. W.D.1999). Those circumstances exist when: there is a complete understanding, based on the record, of the excluded testimony; the objection is to a category of evidence, rather than to specific testimony; and the record reveals the excluded evidence would have helped the proponent. *Id.* Although narrative offers of proof are occasionally found to be adequate, the proper procedure involves putting the witness on the stand and propounding questions. *DeCaigney,* 927 S.W.2d at 911. Such a procedure allows the trial court to fully hear and understand the testimony, so as to be able to rule upon the admissibility of the evidence, and also preserves a record for appellate courts to review. *Id.* The offer must be more than a mere statement of the conclusions of counsel. *Id.*

At trial, defense counsel asked Mr. Hirt's grandmother what appellant did

when he arrived at her house. She replied that, "He asked if he could use the phone." Opposing counsel objected and a discussion ensued. The trial court sustained the state's hearsay objection. Defense counsel failed to make an offer of proof regarding what Mr. Hirt's grandmother would have testified if permitted. In fact, defense counsel admitted, "Now, I don't know if she'll say to uses the – to call the ambulance or not because—."

In this case, Mr. Hirt's attorney made no offer of proof that Mr. Hirt's grandmother would have testified that Mr. Hirt said to her that he was calling an ambulance or that she saw him dial the number for an ambulance. Absent an offer of proof, Mr. Hirt's point was not preserved for appellate review.

### Father's Testimony

■■■■ Mr. Hirt also contends that the trial court erred in sustaining the state's hearsay objection to Mr. Hirt's father's testimony that Mr. Hirt stated, "Daddy, I killed Mr. Bean." Mr. Hirt argues that his father's testimony would not be hearsay as it was not offered to prove the truth of the matter asserted.

■■■■ The trial court has broad discretion to admit or exclude evidence, and the appellate court will reverse only upon a showing of clear abuse of discretion. *State v. Simmons*, 944 S.W.2d 165, 178 (Mo. banc 1997), *cert. denied*, 522 U.S. 953, 118 S.Ct. 376, 139 L.Ed.2d 293 (1997). A trial court will be found to have abused its discretion when a ruling is "clearly against the logic and circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *State v. Brown*, 939 S.W.2d 882, 883–84 (Mo. banc 1997).

During direct examination, defense counsel asked Mr. Hirt's father what he spoke to his son about when his son arrived at his house after the accident. Mr. Hirt's father stated, "He came in – he said, 'Daddy, I killed Mr. Bean.'" The state objected after the statement was made. The court sustained the state's objection. The state did not request that the testimony be stricken or that the jury be instructed to disregard it. So, although the state's objection to the question was sustained after the answer was given, Mr. Hirt's father's testimony "Daddy, I killed Mr. Bean," was heard by the jury and the jury was not directed to disregard the testimony. The testimony, therefore, was still available for the jury's consideration.

■■■■ A hearsay statement is "any out-of-court statement that is used to prove the truth of the matter asserted and that depends on the veracity of the statement for its value." *State v. Sutherland*, 939 S.W.2d 373, 376 (Mo. banc 1997), *cert. denied*, 522 U.S. 871, 118 S.Ct. 186, 139 L.Ed.2d 125 (1997). In this case, the statement, "Daddy, I killed Mr. Bean," was not offered to establish that Mr. Hirt had killed Mr. Bean but to show Mr. Hirt's state of mind. Accordingly, the statement, "Daddy, I killed Mr. Bean," was not hearsay, and the state's hearsay objection was improperly sustained by the trial court.

However, although the court improperly sustained the state's hearsay objection, Mr. Hirt has not shown that his right to a fair trial was prejudiced by the trial court's sustaining the state's objection. The jury heard Mr. Hirt's father's testimony and was not instructed to disregard it. Furthermore, Mr. Hirt's belief that he killed Mr. Bean instantaneously at the scene, by itself, was not sufficient to justify his leaving the scene of the accident without stopping.

The judgment of the trial court is affirmed.

SPINDEN, P.J., and LOWENSTEIN, J. concur.