**STATE of Missouri, Respondent,**

v.

**Andy Don SCOTT, Appellant.**

**No. WD 69483.**

Missouri Court of Appeals, Western District.

Feb. 10, 2009.

Rehearing Denied March 31, 2009.

Georgia A. Mathers, Jefferson City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary H. Moore, Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before: ALOK AHUJA, P.J., HAROLD L. LOWENSTEIN, J., and THOMAS H. NEWTON, C.J.

THOMAS H. NEWTON, Chief Judge.

Mr. Andy Don Scott appeals the judgment for a conviction of leaving the scene of a motor vehicle accident in violation of § 577.060.1. On appeal, he asserts that the circuit court erred in submitting Instruction No. 5, the verdict director for the offense, because it conflicted with the substantive law in § 577.060.1.

### Factual and Procedural Background

At approximately 9:00 p.m. on August 28, 2007, Mr. Andy Don Scott was driving on a residential road in Cole County. Mr. Scott hit a parked vehicle and the impact of the collision pushed the vehicle into a lawn. Without contacting anyone, he backed up and continued to drive down the road.

At this time, Mr. Floyd Copeland, one of the residents on the street, was outside his house. He saw the accident and watched Mr. Scott drive away. Mr. Copeland got into his vehicle and followed Mr. Scott. Mr. Scott went approximately thirty yards and stopped. Mr. Copeland pulled up beside him and told him that he witnessed the accident and that he should turn around to report it. Mr. Copeland went home. As he was heading home, Mr. Copeland saw two other vehicles stop behind Mr. Scott's vehicle. Mr. Scott and the two other vehicles parked on the side of the street. A few moments later, Mr.

Scott and the two other vehicles left the scene.

At the time of the accident, Ms. Rachel Breeden, the owner of the vehicle, was inside her friend's house. They heard a loud collision and immediately went to the back of the house to see if there was an accident. After they saw nothing unusual in the back of the house, they went out front and saw that Ms. Breeden's vehicle was pushed up against the mailbox in her friend's lawn. Ms. Breeden was outside the house approximately twenty seconds after the accident.

A highway patrol officer, Trooper Bryan Salmons, was dispatched to the scene. He arrived on the scene at approximately 9:30 p.m. He interviewed Ms. Breeden and Mr. Copeland. The next day, Trooper Salmons went to work and found a message from Mr. Scott regarding the accident.

The State arrested Mr. Scott and charged him with one count of leaving the scene of a motor vehicle accident in violation of § 577.060.1.[1] At the conclusion of the evidence, the circuit court submitted Instruction No. 5, which stated that Mr. Scott was guilty of the offense if, among other things, the vehicle's owner and the police were present at the scene at the time of the accident or "shortly thereafter." The jury returned a verdict finding Mr. Scott guilty of the offense.

## Legal Analysis

On appeal, Mr. Scott claims that the circuit court erred in submitting Instruction No. 5, the verdict director for leaving the scene of a motor vehicle accident, because Instruction No. 5 conflicted with the substantive law of § 577.060.1. He claims that Instruction No. 5 conflicted with the

substantive law because it (1) defined present at the scene as anyone who arrived "shortly thereafter" the accident and (2) failed to instruct the jury that he could not be guilty of leaving the scene of a motor vehicle accident if he left the scene and reported the accident at the nearest police station. Although Mr. Scott claims that this is one point, it is really two separate points. Thus, we will address them separately.

In his first point, Mr. Scott claims that the circuit court erred in submitting Instruction No. 5 because, contrary to the plain wording of § 577.060.1, Instruction No. 5 allowed the jury to find him guilty of leaving the scene of a motor vehicle accident if the injured party or police officer was not present at the time of the accident but arrived at the scene "shortly thereafter" the accident. Mr. Scott claims that, under § 577.060.1, a person is present at the scene only if he is there at the exact time of the accident.

Pursuant to Rule 28.02(c) [2] "[w]henever there is an MAI–CR instruction or verdict form applicable under the law and Notes On Use, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." "The giving or failure to give an instruction or verdict form in violation of this Rule 28.02 or any applicable Notes On Use shall constitute error, the error's prejudicial effect to be judicially determined . . . ." Rule 28.02(f).

The State contends, however, that Mr. Scott did not preserve his first claim because he did not raise it at the instruction conference. To the extent that he did not preserve the claim, the State argues that

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

2. All rule references are to Missouri Rules of Criminal Procedure, 2008, unless otherwise indicated.

we can review the claims for plain error only.

To preserve an objection for appellate review, the appellant is required to (1) make the objection at trial, (2) raise the same objection in his motion for new trial, and (3) then raise it again in his appellate brief. *State v. Chambers*, 234 S.W.3d 501, 512 (Mo.App.2007). The record at the instruction conference establishes that Mr. Scott never objected to Instruction No. 5 because it included the term "shortly thereafter." His only objection to the instruction was that it failed to instruct the jury that he could not be guilty of leaving the scene of a motor vehicle accident if he left the scene and reported the accident at the nearest police station. Although these two claims are closely related, they are distinct and separate arguments. Thus, Mr. Scott has failed to preserve his first claim, and it can be reviewed for plain error only.

Rule 30.20 grants us authority to consider "[p]lain errors affecting substantial rights . . . when [we find] that manifest injustice or miscarriage of justice has resulted" from the plain error. "Plain error review is a two-step analysis." *State v. Chism*, 252 S.W.3d 178, 183 (Mo.App.2008). First, we determine whether or not the error is plain, and second, we determine whether or not manifest injustice or miscarriage of justice would result if the error is left uncorrected. *Id.* "Plain error is that which is evident, obvious, and affects substantial rights of the defendant." *Id.*

Instructional error rarely rises to the level of plain error. *State v. Beck*, 167 S.W.3d 767, 778 (Mo.App.2005). To establish plain error in the context of instructional error, a defendant must show more than mere prejudice and must show that the circuit court " 'has so misdirected or failed to instruct the jury that it is appar-

ent to the appellate court that the instructional error affected the jury's verdict, and cause[d] manifest injustice or miscarriage of justice.' " *Id.* (quoting *State v. Hibler*, 21 S.W.3d 87, 96 (Mo.App.2000)).

The circuit court submitted Instruction No. 5, the verdict director for leaving the scene of a motor vehicle accident, which was modeled after MAI–CR 3d. 331.10 (10–1–98). Instruction No. 5 stated that:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about April 28, 2007, the defendant operated a motor vehicle on a street traveled by the public at or near 5019 Scruggs Station Road in the County of Cole, State of Missouri, and

Second, that while so doing the defendant was a party to an accident that caused property damage to another person, and

Third, that defendant knew that such damage had occurred, and

Fourth, that at the time of the accident or shortly thereafter the owner of the damaged property and a police officer were present at the scene of the accident, and

Fifth, that defendant left the scene of the accident without stopping and giving sufficient information by which the defendant could be readily identified and located to the owner of the damaged property or to a police officer present at the scene, and

Sixth, that the property damage was in excess of one thousand dollars, then you will find the defendant guilty of leaving the scene of a motor vehicle accident.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

On appeal, Mr. Scott concedes that Instruction No. 5 tracks the language of MAI–CR 3d 331.10 accurately. Mr. Scott also concedes that MAI–CR 3d 331.10 is the appropriate verdict director for leaving the scene of a motor vehicle accident. Nevertheless, Mr. Scott claims that the circuit court erred in submitting Instruction No. 5 because it conflicts with the substantive law in § 577.060.1. Well-established law states that an MAI instruction cannot be given if it conflicts with the substantive law. *State v. Miller*, 172 S.W.3d 838, 851 (Mo.App.2005).

 Mr. Scott claims that Instruction No. 5 conflicts with § 577.060.1 because paragraph four states that a person can be present at the scene if he is either (1) there at the time of the accident or (2) arrives there "shortly thereafter" the accident. Mr. Scott claims that, under § 577.060.1, a person is present at the scene only if he is there at the exact time of the accident and is not present at the scene of the accident merely because he showed up "shortly thereafter." We disagree.

Section 577.060.1 says that:

A person commits the crime of leaving the scene of a motor vehicle accident when being the operator or driver of a vehicle on the highway or on any publicly or privately owned parking lot or parking facility generally open for use by the public and knowing that an injury has been caused to a person or damage has been caused to property, due to his culpability or to accident, he leaves the place of the injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and driver's license number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer.

The Missouri Supreme Court has interpreted this statute to mean that the state can establish that a person is guilty of leaving the scene of a motor vehicle accident if (1) the injured party or police officer was present at the scene of the accident and the defendant failed to stop to provide the requisite information; or (2) the defendant stopped at the scene, but the injured party and police officer were not present or could not receive the information and the defendant failed to go to the nearest police station or judicial officer to provide the information. *State v. Cochran*, 496 S.W.2d 825, 826–27 (Mo. banc 1973); *State v. Hirt*, 16 S.W.3d 628, 630–31 (Mo.App.2000).

Mr. Scott is correct that, in order to be convicted under the first option in § 577.060.1, either the injured party or police officer must be present at the scene of the accident and the defendant must have failed to stop. *Hirt*, 16 S.W.3d at 630–31. Mr. Scott is also correct that § 577.060.1 does not explain at what point a person must be present at the scene. Nonetheless, given the language and purpose of § 577.060.1, it is clear and evident that a person who arrives shortly after an accident is present at the scene of the accident. *See State ex rel. Killingsworth v. George*, 168 S.W.3d 621, 623 (Mo.App. 2005) (stating that, in interpreting a statute, the court must be bound by the plain meaning of the statute's language and the statute's purpose).

 In enacting § 577.060.1, it is obvious to us that the legislature intended to penalize people who left the scene of an accident when the injured party or police officer was on the scene or arrived shortly after the accident. Mr. Scott concedes that if either the injured party or an officer was present at the exact time of the accident, he would have been guilty of

leaving the scene of an accident. A police officer, however, is rarely, if ever, going to be present at the scene at the exact time the accident occurs and would usually arrive only after someone called him to the scene. Thus, by including police officers in § 577.060.1, the legislature obviously intended that people could be present at the scene even though they were not present at the exact time of the accident. In other words, the legislature intended that the injured party or a police officer could arrive shortly after the accident and the defendant would be required to give him his information. *State v. Hodge,* 771 S.W.2d 379, 380 (Mo.App.1989) (holding that the defendant was guilty of leaving the scene because the injured party and a police officer were present at the scene within a reasonable time after the accident).

■ Furthermore, Mr. Scott's interpretation of present at the scene runs contrary to the purpose of the statute. The purpose of § 577.060.1 "is to compel motorists involved in vehicular accidents to stop and report information to facilitate identification and investigation of the circumstances of the accident." *Hirt,* 16 S.W.3d at 631. Mr. Scott's interpretation, however, would severely limit the first option in § 577.060.1 to situations where a person hit an occupied vehicle or the vehicle's owner was standing outside the vehicle. In all other situations, Mr. Scott's interpretation would mean that a driver could hit an unoccupied vehicle and leave the scene without waiting around even a few moments to see if the driver was nearby. This would encourage people to leave the scene as soon as possible. Thus, when the police arrived to investigate the accident, the person would not be at the scene to give his information and explain the chain of events leading up to the accident. This would undoubtedly hinder the

police's investigation of the accident. Mr. Scott's interpretation, therefore, would actually discourage the identification of the parties and hinder the investigation of the accident. Thus, it is clear that present at the scene in the context of § 577.060.1 means that the owner of the vehicle or the police officer was at the scene at the time of the accident or shortly thereafter. Instruction No. 5's use of the phrase "shortly thereafter" does not conflict with the substantive law embodied in § 577.060.1.

■ Mr. Scott argues that, even if Instruction No. 5 followed the substantive law of § 577.060.1, the circuit court erred in submitting the instruction because the term "shortly thereafter" was so vague that the jury was given a "roving commission" to assess guilt for any action. Mr. Scott is correct that the circuit court errs when its instruction grants a "roving commission" to the jury. An instruction results in a "roving commission" when "it assumes a disputed fact or posits an 'abstract legal question that allows the jury to roam freely through the evidence and choose any facts [that] suited its fancy or its perception of logic to impose liability.'" *Newell Rubbermaid, Inc. v. Efficient Solutions, Inc.,* 252 S.W.3d 164, 174 (Mo.App. 2007) (citation omitted). Instruction No. 5 did not create a roving commission. The instruction did not authorize the jury to roam through the evidence to find any facts that would impose liability on Mr. Scott for any action. Rather, it simply instructed the jury to determine whether or not the injured party or a police officer was present at the scene or arrived "shortly thereafter" the accident. This was a straightforward and limited inquiry. And, we do not believe that "shortly thereafter" is too ambiguous or open ended for the jury to comprehend. It required the jury to determine whether or not the injured party or police officer arrived at the scene

within a reasonable time after the accident. *Hodge*, 771 S.W.2d at 380. The circuit court did not plainly err in submitting Instruction No. 5.[3]

 In his second point, Mr. Scott claims that Instruction No. 5 conflicted with § 577.060.1 because it failed to instruct the jury that he could not be guilty of leaving the scene of a motor vehicle accident if he left the scene and reported the accident at the nearest police station. Mr. Scott claims that, because there was some evidence in the record establishing that he notified the police of the accident, the circuit court should have submitted this language in the instruction.

As we noted above, the Missouri Supreme Court has interpreted § 577.060.1 to mean that the State can establish that a person is guilty of leaving the scene of a motor accident if (1) the injured party or police officer was present at the scene of the accident and the defendant failed to stop to provide the requisite information; or (2) the defendant stopped at the scene, but the injured party and police officer were not present or could not receive the information and the defendant failed to go to the nearest police station or judicial officer to provide the information. *Cochran*, 496 S.W.2d at 826–27; *Hirt*, 16 S.W.3d at 630–31. Consistent with this law, paragraph four and five of MAI–CR 3d. 331.10 give the circuit court different options for crafting the correct instruction. MAI–CR 3d. 331.10 states that:

Fourth, that at the time of the accident or shortly thereafter [*Insert one of the following. Omit brackets and number.*]

[1] the (owner) (person in charge) of the damaged property was present at the scene of the accident,

[2] the (owner) (person in charge) of the damaged property and a police officer were present at the scene of the accident,

[3] a police officer was present at the scene of the accident,

[4] a police officer and (the injured person) (at least one of the injured persons) were present at the scene of the accident,

[5] (the injured person) (at least one of the injured persons) was present at the scene of the accident and (not badly injured) (was able to receive information from the defendant),

[6] (the injured person) (at least one of the injured persons) and the (owner) (person in charge) of the damaged property were present at the scene of the accident,

[7] (the injured person) (at least one of the injured persons) and the (owner) (person in charge) of the damaged property and a police officer were present at the scene of the accident,

[8] no police officer was present at the scene of the accident and (the owner of the damaged property was) (the person in charge of the damaged property was) (the other party to the accident was) (all of the other parties to the accident were) (badly injured) (unable at the scene to receive information from the defendant) (unavailable at the scene to receive information from the defendant),

And

**3.** We note that, in the context of § 577.060.1, it is open to question whether a police officer is present at an accident scene "shortly thereafter" when he arrives twenty minutes later or more. We also note that paragraph fourth of the instruction here required the jury to find that both the police officer and the property owner were present "shortly thereafter." However, though Scott does not raise this issue, and given the evidence that Ms. Breeden was present within twenty seconds, we do not address it further.

Fifth, that defendant left the scene of the accident without stopping and giving sufficient information by which the defendant could be readily identified and located to [*Insert one of the following to correspond to the numbered material employed in paragraph Fourth. Omit brackets and number.*]

[1] the (owner) (person in charge) of the damaged property,

[2] the (owner) (person in charge) of the damaged property or to a police officer present at the scene,

[3] a police officer present at the scene,

[4] a police officer present at the scene or to (the injured person) (at least one of the injured persons),

[5] (the injured persons) (at least one of the injured persons),

[6] (the injured person) (at least one of the injured persons) or to the (owner) (person in charge) of the damaged property,

[7] (the injured person) (at least one of the injured persons) or to the (owner) (person in charge) of the damaged property or to a police officer present at the scene,

[8] the nearest police station or judicial officer[.]

In this case, the circuit court used option four to instruct the jury that Mr. Scott was guilty if it found that a police officer and the owner of the property were present at the scene and Mr. Scott failed to stop to give them his information. The circuit court refused Mr. Scott's request to use option eight to instruct the jury that he was guilty only if it found that the police and the injured party were not at the scene and he failed to report the accident at the nearest police station. Mr. Scott claims that Instruction No. 5 did not allow the jury to consider whether or not he complied with § 577.060.1 by going to the nearest police station after leaving the scene of the accident. The circuit court did not err in using option four, and not option eight, to craft Instruction No. 5.

Mr. Scott is correct that, under the second option in § 577.060.1, the defendant may leave the scene and go to the nearest police station or judicial officer. A defendant, however, may avail himself of this option only after he stops at the scene to determine that the injured party could not receive the information and a police officer was not present at the scene or in the vicinity. *Hirt*, 16 S.W.3d at 630–31. Thus, a person who reports the accident at the nearest police station is still guilty of leaving the scene of a motor vehicle accident if he fails to stop at the scene of the accident to determine if the injured party and police are at the scene to receive the information. *Id.* at 633.

In this case, Ms. Breeden testified that she arrived on the scene twenty seconds after she heard the collision. Trooper Salmons testified that he arrived on the scene twenty minutes later. Since they arrived within minutes of the accident, both parties were present at the accident. This evidence was undisputed. Furthermore, since Trooper Salmon took Ms. Breeden's statement; it is reasonable to assume that both of them were able to receive Mr. Scott's information. Thus, Mr. Scott could not avail himself of the second option in § 577.060.1 because he did not stop at the scene to determine if Ms. Breeden and Trooper Salmons could receive his information. *Id.*[4] Because Mr. Scott could

4. The general rule is that the driver must stop at the scene to determine whether or not the injured party or police officer can receive his information. *State v. Hirt*, 16 S.W.3d 628, 630–31 (Mo.App.2000). Of course, a driver does not have to stop instantly or within a

not avail himself of this option, the circuit court was correct in refusing to add his suggested language into the instruction. The circuit court, therefore, did not err in submitting Instruction No. 5. The circuit court's judgment is affirmed.

AHUJA, P.J. and LOWENSTEIN, J. concur.

certain number of feet of the accident. *State v. Dougherty,* 358 Mo. 734, 216 S.W.2d 467, 473 (1949). This is because the circumstances of an accident may make it impossible to stop instantly. *Id.* A driver may also be excused from stopping at the scene or remaining at the scene if he left the scene based upon a reasonable apprehension of danger. *State v. Morrison,* 174 S.W.3d 646, 650 (Mo. App.2005). These exceptions, however, are inapplicable to Scott's case. There is no evidence in the record that Scott could not stop at the scene because of road conditions or other conditions that would make it impossible for him to stop at the accident. Similarly, there is no evidence that Scott left the scene because he believed that he was in danger and, in fact, Scott does not make that claim on appeal.